■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WOODROW WILSON, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered September 2, 1983, upon a verdict convicting defendant of two counts of the crime of grand larceny in the third degree.

On this appeal, defendant contends (1) that the trial court erred in submitting the question of the accomplicity of the

prosecution witness James Harrington to the jury; (2) that the court erroneously reinstructed the jury when it announced that it could not agree unanimously and asked a question in regard to Harrington's status; (3) that the court erred in admitting the in-court identification testimony of the victim James Gilbert; (4) that the court erroneously permitted cross-examination of defendant in respect to other crimes; and (5) that the verdict was not supported by the trial evidence.

According to the witness Harrington, he met defendant in Mary's Bar in the City of Elmira on the evening of May 5, 1983 and agreed to take defendant and Gilbert, the victim, to buy liquor. Harrington then drove defendant and Gilbert to a liquor store and then to Brand Park. Harrington said defendant pulled the intoxicated Gilbert from the car and removed cash and credit cards from his pockets. Harrington claims he did not participate in the theft, but admits that he later received $50 in cash from defendant. The testimony of Gilbert and a woman named Clara Sconiers placed defendant in the car with Harrington and Gilbert shortly before the incident.

On this testimony, the trial court properly permitted the jury to determine whether Harrington was an accomplice. An accomplice is defined as a "witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in: (a) The offense charged; or (b) An offense based upon the same or some of the same facts or conduct which constitute the offense charged" (CPL 60.22, subd 2). If the testimony of Harrington is believed, he is not to be considered an accomplice (see *People v Brooks,* 34 NY2d 475, 480; see, also, *People v Baker,* 46 AD2d 377, 380-381). Therefore, the trial court properly submitted the accomplice issue to the jury.

If a witness is found to be an accomplice, a defendant cannot be convicted unless there is corroborative evidence tending to connect the defendant with the commission of the offense (CPL 60.22, subd 1). This corroborative evidence does not have to prove that the crime was committed. "It is enough if the evidence shown to connect the defendant with the crime satisfies the jury that the accomplice is telling the truth" (*People v Arce,* 42 NY2d 179, 186). The testimony of the victim Gilbert and of Sconiers sufficiently corroborated the testimony of Harrington, if the jury found Harrington to be an accomplice.

After deliberating seven hours, the jury announced it could not unanimously agree upon a verdict. It was properly encouraged by the trial court to continue deliberations (compare *People v Randall,* 9 NY2d 413, 425, with *People v Ali,* 65 AD2d 513, 514, affd 47 NY2d 920). Shortly thereafter, clarification of the

concept of reasonable doubt was sought and the jury asked if an accomplice was as guilty as the person committing the act. The trial court appropriately redefined reasonable doubt and properly stated the issue in regard to Harrington to be whether he was an accomplice, not whether he was guilty of a crime.

On the issue of identification, Gilbert testified that he was shown about 100 photographs. He identified Harrington as the operator of the car and on May 13, 1983 identified the defendant from 18 pictures of suspects. This identification was made without any suggestions or prompting by any police officer. Accordingly, the in-court identification was untainted and properly admitted by the trial court.

Furthermore, we find no error in the trial court's ruling which allowed the prosecution to cross-examine defendant with respect to his prior convictions of robbery and assault. These crimes were generically different from the crime charged, and the court properly instructed the jury that the evidence of defendant's prior convictions was limited to the issue of his credibility (*People v Pavao,* 59 NY2d 282, 292).

Lastly, we have considered defendant's argument that the evidence was insufficient to support his conviction and have found it unpersuasive. Although other inferences could have been drawn from the trial testimony, there was evidence that the victim identified defendant as the man who took him driving during the evening of May 5, 1983. Sconiers placed defendant in Harrington's car with the victim shortly before the crime, and Harrington testified to the theft itself. There was, therefore, sufficient evidence to sustain the jury's verdict and defendant's conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.