■ In the Matter of BRIAN J. C., a Person Alleged to be a Juvenile Delinquent.—Order unanimously affirmed. Memorandum: Respondents were adjudicated juvenile delinquents based on the court's finding, following a hearing, that they committed the crimes of burglary in the second degree (Penal Law § 140.25 [2]) and petit larceny (Penal Law § 155.25), as a lesser included offense to grand larceny in the third degree (Penal Law § 155.30 [1]), as originally charged in the petition. The charges resulted from a break-in of a residence and a garage and the theft of several items, including a motorcycle and a radio. The court's finding was based on admissions made by appellants to a third party. Since this person did not partici-

pate in the burglary, but only assisted in selling the cycle three weeks later, he was not an accomplice, as a matter of law, and corroboration of his testimony was not required *(see,* CPL 60.22 [1], [2]; *People v Brooks,* 34 NY2d 475). Joint representation of appellants by court-appointed counsel does not require reversal because there is no showing of a significant possibility of a conflict of interest *(see, People v Macerola,* 47 NY2d 257, 264). We caution, however, that in cases of joint representation, Family Court has the responsibility to ascertain, on the record, whether each juvenile's decision to proceed with one attorney is an informed one *(see, People v Gomberg,* 38 NY2d 307, 313; *Matter of Glenn F.,* 117 AD2d 1013). We have considered the remaining claims raised and find none requires reversal. (Appeal from order of Erie County Family Court, Honan, J.—juvenile delinquency.) Present—Callahan, J. P., Doerr, Denman, Green and O'Donnell, JJ.