■ SCOTT PERRIN, Appellant, v DAVID R. WINNE et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Ruskin, J.), dated April 12, 1985, which was in favor of the defendants and against him, upon a jury verdict.

Judgment affirmed, with costs.

We find unpersuasive the plaintiff's contention that the trial court erroneously refused to give the jury an "interested witness" charge with respect to two witnesses. The mere fact that one of the witnesses is the defendant David R. Winne's brother was insufficient, standing alone, to warrant such an instruction. Indeed, this familial relationship was at most indicative of a potential bias in his testimony, and the plaintiff had a full opportunity both to explore this issue and to attempt to discredit the witness during cross-examination *(see generally, Coleman v New York City Tr. Auth.,* 37 NY2d 137; *Levo v Greenwald,* 107 AD2d 991, *affd* 66 NY2d 962; *cf. People v Jackson,* 80 AD2d 904). Moreover, the court properly instructed the jurors that they should consider the "motives" of the respective witnesses for testifying in evaluating their veracity. Under these circumstances, we discern no error in the court's refusal to give an "interested witness" charge with respect to the defendant David R. Winne's brother. Additionally, we note that the other allegedly biased witness was called by *the plaintiff* and did not give any testimony favoring the defendants; hence, there was no basis for an "interested witness" charge with regard to him.

Likewise, we reject the plaintiff's contention that the court was required to charge Vehicle and Traffic Law § 1151 (a), concerning the duty of a driver to yield the right-of-way to a pedestrian who is crossing the roadway within a crosswalk. The evidence adduced at trial, including the testimony of the plaintiff himself, established that he was not situated within a crosswalk at the time he was struck by the defendant Robert L. Winne's vehicle. Thus, there was no factual basis for giving the requested charge.

We have considered the plaintiff's remaining contentions and find them to be either unpreserved for review or without merit. Bracken, J. P., Brown, Niehoff and Eiber, JJ., concur.