THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BURNETTE, Also Known as CLIFFORD BOONE, Appellant. Memorandum: Upon our review of the record of the hearing upon remittitur (see, People v Burnette, 117 AD2d 987), we agree that defendant was not deprived of the effective assistance of counsel as a result of his attorney's prior joint representation of him and his codefendant for approximately three months following their arraignment. The hearing court properly concluded that the attorney disengaged himself from the joint representation before any conflict of interest materialized and that the defendant did not demonstrate that the conduct of his defense was in fact affected by the operation of the claimed conflict (People v Alicea, 61 NY2d 23, 30-31). Moreover, we conclude that the court properly denied defendant's CPL 330.30 motion to set aside the verdict based upon a claim of newly discovered evidence. The record fully supports the conclusion that the codefendant's exculpatory remarks at his sentencing were unworthy of belief and there is no probability that this evidence would have altered the jury's verdict (see, People v Suarez, 98 AD2d 678, 679). (Resubmission of appeal from judgment of Supreme Court, Erie County, Marshall, J.—burglary, second degree.) Present—Callahan, J. P., Doerr, Denman, Boomer and Schnepp, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE McCOY, Appellant. Memorandum: The isolated remarks by the prosecutor on summation to which defendant assigns error were not objected to at trial and, therefore, are not preserved for our review (CPL 470.05 [2]; People v Williams, 46 NY2d 1070, 1071), and reversal is not warranted in the interest of justice (CPL 470.15 [3] [c]). In the totality of the circumstances, the prosecutor's summation did not operate to deprive defendant of a fair trial (People v Hopkins, 58 NY2d 1079, 1083; People v Woodard, 112 AD2d 454).

We have examined defendant's remaining contention and find it to be without merit. (Appeal from judgment of Erie County Court, Dillon, J.—robbery, first degree, and other offenses.) (Present—Callahan, J. P., Doerr, Denman, Boomer and Schnepp, JJ.