■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK D. DEWISPELAERE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant argues that his convictions for burglary, second degree, and grand larceny, third degree, must be reversed because the testimony of his accomplice was not sufficiently corroborated. We disagree. The accomplice's testimony was corroborated by the testimony of Gloria Kutterhoff that defendant was in possession of some guns, identified as the fruit of the burglary, soon after the event, and that defendant admitted to her that the guns were stolen. Although aspects of Kutterhoff's testimony were inconsistent, it was not incredible as a matter of law (see, People v Christian, 139 AD2d 896, lv denied 71 NY2d 1024: People v Stroman, 83 AD2d 370, 373). Contrary to defendant's assertion, Kutterhoff was not an accomplice because she was not implicated in the burglary (see, Matter of Brian J. C., 119 AD2d 996; see also, People v Brooks, 34 NY2d 475).

The People did not commit a Brady violation by failing to supply defendant with the check received by defendant when he sold the stolen guns, because the People adequately demonstrated that the check was not in their possession. Moreover, we find that defendant was not denied effective assistance of counsel, nor was he deprived of a fair trial by certain overzealous remarks made by the prosecutor on summation. We have examined defendant's remaining arguments and find them to be lacking in merit. (Appeal from judgment of Wayne County Court, Parenti, J.—burglary, second degree; grand larceny, third degree.) Present—Dillon, P. J., Callahan, Doerr, Pine and Lawton, JJ.