■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MYRON I. SHERMAN, III, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered November 10, 1988, upon a verdict convicting defendant of the crime of burglary in the second degree.

Defendant was convicted of burglarizing the residence of

Anthony Astarita in the Town of Groton, Tompkins County, from which several valuable items of personalty were taken, including a tape deck, a VCR, a jeweled tie clip, a set of gold cuff links with a bowling pin design and a matching tie clip. Robert Monahan and Christopher Lackner were among the witnesses for the prosecution; their extensive criminal histories were disclosed at trial. Monahan was granted immunity for, among other crimes, his part in the Astarita burglary. He testified that at 9:30 A.M. on the morning of the theft defendant picked him up in a tan Volare station wagon. They then drove to the Astarita home and Monahan drove the car around the block while defendant entered the dwelling. After defendant returned to the car, they drove to a nearby bargain shop where they sold some of the items removed from the residence.

Lackner was also granted immunity for receiving stolen property from the Astarita burglary and for an unrelated crime. He testified that the day after the burglary, defendant gave him the two tie clips and one of the bowling pin cuff links. According to Lackner, defendant told him that he obtained the jewelry during a burglary he committed. Lackner delivered one of the tie clips to the police and also gave them a statement implicating defendant. Under cross-examination, Lackner acknowledged that he currently lived with defendant's wife and that he assisted the police because he did not want defendant to get out of jail.

Defendant interposed an alibi defense. In addition he stated, and Lackner and Monahan acknowledged, that in 1986 defendant cooperated with the police in a "sting" operation which resulted in Lackner's arrest and the conviction of several of Monahan's friends. On cross-examination, Monahan admitted that he intended to get even with defendant, the only uncertainty being when.

On appeal, defendant maintains, among other things, that County Court made evidentiary errors warranting reversal, inappropriately denied his request for *Rosario* material and erred in its charge to the jury. We affirm.

At trial, County Court, over defendant's objection, permitted Lackner to testify that defendant threatened to kill him on two separate occasions. Defendant claims that these threats were made to a person then acting under the prosecutor's direction or in cooperation with the prosecutor, and as such should have been disclosed after his demand for notice pursuant to CPL 240.20 (1) (a). Nothing in the record indicates that

Lackner's threat testimony was in response to any agreement, understanding or prompting by the People *(see, People v Blake,* 127 AD2d 602, *lv denied* 69 NY2d 1001, 70 NY2d 643) or that Lackner acted as a law enforcement subagent *(cf., People v Odierno,* 121 Misc 2d 330).

Evidence that a defendant threatened a witness to change his testimony is highly probative and properly admitted as indicative of consciousness of guilt *(People v Warner,* 126 AD2d 788, 790). As the probative value of this testimony exceeded its prejudicial potential, failure to conduct a *Ventimiglia* hearing does not necessitate reversal *(see, People v Morris,* 153 AD2d 984, 986).

Although defense counsel's cross-examination of Investigator Rolland Manley revealed some confusion on the witness's part regarding whether all his "notes" had indeed been given to defendant, and defense counsel received an anonymous phone call after the verdict but prior to sentencing informing him that a search warrant had been executed at a location owned by the person to whom the stolen goods were allegedly sold, these specifics do not confirm defendant's allegation that *Rosario* material was denied him. The prosecutor indicated on the record that he had indeed provided all *Rosario* material to the defendant *(cf., People v Phillips,* 92 AD2d 738, 739; *see, People v Poole,* 48 NY2d 144, 149), and there is no factual basis in the record to conclude otherwise. Accordingly, County Court's refusal to conduct an in camera review of the investigative file was not error.

As for the charge to the jury, we are of the view that County Court properly refused to submit Lackner's accomplice status to the jury. In the absence of any evidence that Lackner took part in the preparation or perpetration of the burglary, his receipt of some of the stolen property does not make him an accomplice *(see, People v Lyon,* 134 AD2d 909, 910, *lv denied* 71 NY2d 970; *see also, Matter of Brian J. C.,* 119 AD2d 996, 997; *cf., People v Wilson,* 107 AD2d 945, 946). The jury, however, should have been instructed that in assessing credibility, the interest, bias, prejudice and prior convictions of the witnesses, as well as any benefit conferred upon them, should have been considered *(see, People v Jackson,* 74 NY2d 787, 790; *see,* 1 CJI[NY] 7.19, at 303). The court's failure to do so does not, however, mandate reversal for defense counsel thoroughly elicited both Lackner's and Monahan's partiality on cross-examination *(see, Perrin v Winne,* 123 AD2d 610; *cf., People v Jackson, supra).* Moreover, the jury was charged that Monahan was an accomplice and that the law views accomplice

testimony with suspicion. Finally, because defendant offers no more than mere speculation that County Court's error prejudiced him in any way, and in light of what we perceive to be the overwhelming evidence of defendant's guilt, the error is harmless.

We have considered defendant's other arguments and find them lacking in conviction.

Judgment affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Levine, JJ., concur.