■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BENNETT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered March 1, 1989, convicting him of manslaughter in the second degree, criminal possession of a weapon in the second degree, and attempted escape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the propriety of the trial court's charge on the issue of evaluating the credibility of two witnesses, one of whom had entered into a cooperation agreement with the District Attorney's Office, has not been preserved for appellate review due to the defendant's failure to object to that portion of the charge *(see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818). In any event, we reject the defendant's argument that he was deprived of a fair trial by the trial court's instructions regarding the witnesses' credibility. The defense counsel thoroughly examined the possible partiality of the two witnesses on cross-examination. Moreover, during that portion of its charge concerning interested witnesses, the court noted that one of the witnesses had entered into a cooperation agreement with the District Attorney's Office. Although the trial court did not specifically charge the jury that, "in assessing credibility, the interest, bias, prejudice and prior convictions of the witnesses, as well as any benefit conferred upon them, should [be] considered" *(People v Sherman,* 156 AD2d 889, 891; *see, People v Jackson,* 74 NY2d 787, 790; *see also,* 1 CJI[NY] 7.19, at 303), the trial court's failure to do so, under the circumstances of this case, does not

warrant reversal *(see, People v Sherman, supra; People v Dewindt,* 156 AD2d 706).

We find that the trial court properly refused to give a missing witness charge with respect to the failure of the decedent's wife to testify. The defendant did not request a missing witness charge until after both sides had rested. Since the defendant was on notice that the People would not be calling the decedent's wife as a witness, the defendant's request for a missing witness charge was untimely *(see, People v Gonzalez,* 68 NY2d 424; *People v Bradley,* 160 AD2d 808; *People v Watson,* 134 AD2d 729). In any event, the testimony of the decedent's wife would have been cumulative *(see, People v Gonzalez, supra).* Thompson, J. P., Eiber, Balletta and Ritter, JJ., concur.