■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. PUGH, Appellant. [653 NYS2d 994] —Judgment unanimously affirmed. Memorandum: After a joint trial with a codefendant, defendant was convicted of murder in the second degree (Penal Law § 125.25 [3] [felony murder]) and burglary in the first degree (Penal Law § 140.30 [2]). Codefendant was convicted of intentional murder (Penal Law § 125.25 [1]), felony murder and burglary in the first degree and, when his appeal came before us, that judgment of conviction was affirmed (*People v Lorenzo,* 224 AD2d 924, *lv denied* 88 NY2d 967). The charges stem from the murder of the victim during the burglary of her home in the City of Tonawanda. She was found lying face down in the dining room, with a necktie tied tightly around her neck, multiple stab wounds, and handcuffs on her wrists. Collectible coins, jewelry and clothing were missing. There were no eyewitnesses and the proof against defendant consisted primarily of his admissions to friends and acquaintances.

We reject the contention of defendant that Supreme Court erred in denying his CPL 330.30 motion to set aside the verdict on the ground of newly discovered evidence or, in the alternative, in failing to hold an evidentiary hearing on his motion. Initially, defendant's motion was procedurally defective; the submissions failed to contain sworn allegations of essential facts in support of the motion. They consisted only of a letter

from codefendant declaring defendant's innocence and inculpating a third person as codefendant's partner in the crime; a transcript of an audiotaped interview of codefendant by a private investigator hired by defendant; and an affidavit from someone, stating that she had seen the person named by codefendant with blood on his pants the day after the murder. The statements of codefendant are unsworn and, in any event, they directly contradict his prior admissions to three of the witnesses at trial and are inherently unreliable. Additionally, defendant failed to show that such newly discovered evidence could not have been discovered by due diligence before the trial and that such evidence would probably change the result (*see, People v Wallace,* 218 AD2d 718, *lv denied* 87 NY2d 852; *People v Burnette,* 124 AD2d 1040, *lv denied* 69 NY2d 1002). Nor does the affidavit cure defendant's defective submissions because the affiant recanted the statements in the affidavit shortly after making them. "The power to grant an order for a new trial on the ground of newly discovered evidence is purely statutory. Such power may be exercised only when the requirements of the statute have been satisfied, the determination of which rests within the sound discretion of the court" (*People v Salemi,* 309 NY 208, 215, *cert denied* 350 US 950; *see, People v Rodriguez,* 193 AD2d 363, 365-366, *lv denied* 81 NY2d 1079).

We reject the contention of defendant that the admission of inculpatory statements of codefendant, who did not testify, violated defendant's rights under *Bruton v United States* (391 US 123) and *Cruz v New York* (481 US 186). Whatever prejudice defendant may have suffered by the statement of codefendant to one of the People's witnesses that "they" had committed a burglary was mitigated by defendant's own admissions, in which defendant frequently referred to the joint conduct of himself and codefendant. Such testimony was received without objection.

The testimony that codefendant made a threatening statement to a girlfriend and that defendant told him to shut up does not appear to raise a *Bruton* issue and was properly addressed by the instruction of the court. It is also significant that defense counsel waived the *Bruton* issue after codefendant's statements to the police were suppressed and did not reassert his original motion to sever thereafter. Further, whenever defense counsel raised an objection to the statements of codefendant to the witnesses, he did not do so on *Bruton* grounds. Lastly, in light of the overwhelming evidence of defendant's guilt, any error in admitting the statements is harmless (*see, People v Crimmins,* 36 NY2d 230, 237). In

considering "(1) the quantum and nature of the evidence against defendant if the error is excised and (2) the causal effect the error may nevertheless have had on the jury" (*People v Hamlin*, 71 NY2d 750, 756), we conclude that there is no reasonable possibility that the evidence complained of contributed to the conviction. In arriving at that conclusion, we have considered "how comprehensive defendant's [statements are] and whether [they] satisfactorily explain[ ] his * * * part in the crime without reference to the codefendant's statement, whether [they are] corroborated or contradicted by other objective evidence, and whether defendant has reiterated [them] on one or more subsequent occasions" (*People v Hamlin, supra*, at 758; *see, Cruz v New York, supra*, 481 US, at 193-194; *People v West*, 72 NY2d 941, 942).

Based on the evidence, the court properly instructed the jury that it may consider as tacit admissions defendant's silence while codefendant made incriminating statements (*see, People v Lourido*, 70 NY2d 428, 434; *People v Savage*, 50 NY2d 673, 679, *cert denied* 449 US 1016; *cf., People v Allen*, 300 NY 222, 225-226).

The testimony of a threatening phone call by defendant and codefendant to a prosecution witness was properly admitted. "Evidence of threats made by the defendant against one of the People's witnesses, although evidence of prior bad acts, [is] admissible on the issue of consciousness of guilt" (*People v Reyes*, 162 AD2d 357, *lv denied* 76 NY2d 896). Because the probative value of such evidence exceeds its potential for prejudice, "failure to conduct a *Ventimiglia* hearing does not necessitate reversal" (*People v Sherman*, 156 AD2d 889, 891, *lv denied* 75 NY2d 970; *see, People v Morris*, 153 AD2d 984, 986, *lv denied* 75 NY2d 922). Further, the court carefully instructed the jury on how it should consider and weigh such evidence.

Upon our review of the record, we conclude that the verdict is supported by legally sufficient evidence and is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Lorenzo*, 224 AD2d 924, *supra*).

Defendant has failed to demonstrate that he was denied effective assistance of counsel (*see, People v Satterfield*, 66 NY2d 796, 798-799; *People v Baldi*, 54 NY2d 137, 146-147) and that prosecutorial misconduct caused such substantial prejudice that he was denied due process of law (*see, People v Galloway*, 54 NY2d 396, 401; *cf., People v Mott*, 94 AD2d 415, 419).

We reject the contentions that defendant was not present when testimony was read back to the jury and that he was not provided with meaningful notice, as required by CPL 310.30, of

the requested readback. The docket sheet in the Clerk's file specifically indicates the presence of defendant, codefendant and defense counsel. Although it is not clear from the record what notice was given to defense counsel, no objection was raised by him (*see, People v Starling*, 85 NY2d 509, 516; *People v Tinner*, 209 AD2d 457, 458, *lv denied* 85 NY2d 915; *People v Green*, 207 AD2d 318, 319, *lv denied* 84 NY2d 935).

In light of the cold-blooded and brutal nature of the crime, we conclude that defendant's sentence is neither unduly harsh nor severe.

We have reviewed the remaining contention in defendant's *pro se* supplemental brief and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.