■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS TRINIDAD, Appellant. [655 NYS2d 640] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dabiri, J.), rendered June 20, 1995, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

While the defendant and his girlfriend were taking photographs of their two children at her apartment, a gun concealed in the defendant's waistband accidentally discharged, injuring both him and his infant son. The defendant was indicted and convicted under Penal Law § 265.02 (4), which provides that a person is guilty of criminal possession of a weapon in the third degree when he possesses any loaded firearm outside his home or place of business. The weapons possession statute, codified in Penal Law article 265, does not contain any definition of the words "home" or "place of business".

The defendant's contention that the evidence was legally insufficient to establish that his girlfriend's apartment was not his home within the meaning of Penal Law § 265.02 (4) was not preserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

At the trial, the defendant's girlfriend testified that she lived with her mother and children at the apartment and that the defendant never lived with them at that address. She also testified that the defendant did not have keys to the apartment and that he only visited once or twice a week. Moreover, according to the uncontroverted testimony of the arresting officer, the defendant admitted that he lived in his mother's home, which was several miles away from his girlfriend's apartment.

The defendant also contends that the jury verdict was against the weight of the evidence. The resolution of issues of credibility, as well as the weight accorded to the evidence adduced at trial, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). The jury's determination is accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). O'Brien, J. P., Ritter, Krausman and Goldstein, JJ., concur.