◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE ANDREWS, Appellant. [716 NYS2d 841] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1], [4]), defendant contends that the implicit finding that the crime scene was not defendant's home is not supported by legally sufficient evidence and is against the weight of the evidence; that the

People improperly introduced evidence of defendant's threats to a prosecution witness without first seeking a ruling pursuant to *People v Ventimiglia* (52 NY2d 350); and that the charge on constructive possession was erroneous.

The People established that defendant broke into the home of his ex-girlfriend, who had obtained an order of protection against him, and that defendant was arrested on her complaint. Defendant admitted to the arresting officers that he lived elsewhere, and another witness testified to that same effect. The evidence thus is legally sufficient to establish that defendant possessed the weapon in other than his home or place of business, in violation of Penal Law § 265.02 (4) (*see, People v Rodriguez,* 266 AD2d 160, *lv denied* 94 NY2d 924; *People v Trinidad,* 237 AD2d 635, 636, *lv denied* 89 NY2d 1102; *People v Oakman,* 215 AD2d 596, 597, *lv denied* 86 NY2d 799). Moreover, we cannot conclude that the jury failed to give the evidence the weight it should have been accorded on that issue (*see, People v Bleakley,* 69 NY2d 490, 495; *People v Rodriguez, supra,* at 160; *People v Trinidad, supra,* at 636).

Supreme Court did not err in allowing evidence of defendant's threats against a prosecution witness, despite the People's failure to seek a *Ventimiglia* ruling (see, *People v Pugh,* 236 AD2d 810, 812, *lv denied* 89 NY2d 1099; *People v Sherman,* 156 AD2d 889, 891, *lv denied* 75 NY2d 970).

We have considered defendant's challenge to the court's charge and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Possession Weapon, 3rd Degree.) Present—Pigott, Jr., P. J., Pine, Hayes, Wisner and Kehoe, JJ.