■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IAN BONNEY, Appellant. [735 NYS2d 397] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 29, 1995 (*People v Bonney,* 222 AD2d 687), affirming a judgment of the Supreme Court, Kings County, rendered May 11, 1994.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Bracken, P. J., Krausman, Friedmann and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN GILL, Appellant. [734 NYS2d 575] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered July 12, 1994, convicting him of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his conviction under Penal Law § 265.02 (4), which provides that a person is guilty of criminal possession of a weapon in the third degree when he or she knowingly possesses any loaded firearm, except where the possession takes place in the defendant's home or place of business, is not supported by legally sufficient evidence, is not preserved for appellate review (*see,* CPL 470.05 [2]; *People v Trinidad,* 237 AD2d 635; *People v Udzinski,* 146 AD2d 245). In any event, the contention is without merit (*see, People v Powell,* 54 NY2d 524, 530; *People v Tolbert,* 253 AD2d 832, 833).

Similarly, the defendant has not preserved for appellate review his contention that his conviction for criminal possession of a controlled substance in the third degree must be reversed based on the prosecutor's failure to correct the testimony of a prosecution witness (*see,* CPL 470.05 [2]). In any event, since the defendant had access to the necessary information and failed to correct any misimpression left by this witness, he waived his claim of possible error (*see, People v Washington,* 32 NY2d 401, 403; *People v Hernandez,* 198 AD2d 375, 376). O'Brien, J. P., Florio, Schmidt and Townes, JJ., concur.