Appeal by the defendant from a judgment of the County Court, Dutchess County (Cohen, J.), rendered March 20, 2008, convicting him of enterprise corruption, criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), burglary in the second degree, and criminal sale of a firearm in the third degree (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant contends that the evidence was legally insufficient to support his convictions of enterprise corruption, crim *981 inal sale of a firearm in the third degree and, under counts 49 and 50 of the superseding indictment, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. However, only the challenges to the convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree under counts 49 and 50 of the superseding indictment are preserved for appellate review (see People v Hawkins, 11 NY3d 484, 492 [2008]). Upon the exercise of our interest of justice jurisdiction (see CPL 470.15 [6] [a]), we review the contentions which are unpreserved for appellate review, as well as those contentions which are preserved. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt with respect to the challenged convictions beyond a reasonable doubt.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to the challenged convictions was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Contrary to the defendant’s contention, the trial court did not improvidently exercise its discretion when it permitted a witness to testify as to threats certain individuals made to him prior to trial, as there was circumstantial evidence linking the defendant to those threats (see People v Arguinzoni, 48 AD3d 1239, 1240 [2008]; People v Myrick, 31 AD3d 668, 669 [2006]; People v Hendricks, 4 AD3d 798, 799 [2004]; People v Spruill, 299 AD2d 374, 375 [2002]). “As the probative value of this testimony exceeded its prejudicial potential, failure to conduct a Ventimiglia hearing [see People v Ventimiglia, 52 NY2d 350 (1981)] does not necessitate reversal” (People v Sherman, 156 AD2d 889, 891 [1989]; see People v Andrews, 277 AD2d 1009, 1009-1010 [2000]; People v Pugh, 236 AD2d 810, 812 [1997]).
The defendant’s contention that the admission of a “rap video” containing statements made by nontestifying codefendant Avery Green violated his right of confrontation under Crawford v Washington (541 US 36 [2004]) and Bruton v United States (391 US 123 [1968]) is without merit as the statements were *982 not testimonial in nature and did not implicate the defendant (see People v McBean, 32 AD3d 549, 552 [2006]; People v Dickson, 21 AD3d 646, 647 [2005]; People v Johnson, 224 AD2d 635, 636 [1996]; People v Paulino, 187 AD2d 736 [1992]; see also People v Jenkins, 55 AD3d 850, 851 [2008]).
The testimony of a coconspirator was properly received into evidence under the coconspirator exception to the hearsay rule (see People v Caban, 5 NY3d 143,148 [2005]; People v Basagoitia, 55 AD3d 619 [2008]; People v Warren, 156 AD2d 972 [1989]).
The defendant’s challenge to the verdict sheet is unpreserved for appellate review (see People v Milland, 215 AD2d 505 [1995]) and, in any event, is without merit.
The defendant’s contention that the County Court should have granted him youthful Offender status is unpreserved for appellate review (see People v Scott, 67 AD3d 1033 [2009]) and, in any event, is without merit.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions are without merit. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.