People v Williams (2024 NY Slip Op 03190)

People v Williams

2024 NY Slip Op 03190

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2018-14640
 (Ind. No. 4078/16)

[*1]The People of the State of New York, respondent,
v
Jalil Williams, appellant.

Patricia Pazner, New York, NY (Kathleen Whooley of counsel; Nick Cinquina, Madison Dougherty, and Michael Kachan on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ruth E. Ross, and Evan A. Esswein of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jane Tully, J.), rendered October 17, 2018, convicting him of manslaughter in the first degree, attempted assault in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court properly refused to give a missing witness charge with respect to two uncalled witnesses. Since the defendant was on notice that the People would not be calling those witnesses, the defendant's request for a missing witness charge, made only after both sides had rested, was untimely (see People v Gomez, 223 AD3d 843, 844; People v Joseph, 161 AD3d 1105, 1105; People v Mancusi, 161 AD3d 775, 776; People v Bennett, 175 AD2d 251, 252).
The defendant's contentions regarding certain remarks made by the prosecutor during summation are largely unpreserved for appellate review (see CPL 470.05[2]). To the extent that any of the prosecutor's remarks were improper, they were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Komynar, 210 AD3d 698, 700), and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that such errors might have contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230, 241-242).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court