■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE NUNESS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant moved pursuant to CPL 440.10 to

vacate his judgment of conviction on the ground that, at trial, the prosecutor failed to turn over to him certain *Rosario* material consisting of notes made by a police officer *(see, People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866). We conclude that Supreme Court properly denied the motion. The record shows that an eyewitness to the crime called the police. His cousin, a police officer, responded and took notes of what the witness said. Thereafter, the police investigators took a written and signed statement from the witness and, at trial, this signed statement was turned over to defense counsel who used it in cross-examining the witness. When, on cross-examination, the witness said that his cousin wrote down what he said about the crime, defense counsel asked the prosecutor if he could have the statement. The prosecutor replied, "There is no reduced statement, if he took notes, we don't have them." Defense counsel, apparently satisfied with this reply, made no further comment concerning the statement; he registered no objection and he made no application to the court to conduct a hearing to determine whether the statement existed. Had defendant so requested, the trial court could have conducted a hearing to determine whether the notes existed and, if not, whether the police took proper precautions to preserve them and whether defendant was prejudiced by their loss *(see, People v Martinez,* 71 NY2d 937, 939). Having neglected to register any objection to the failure of the prosecutor to turn the statement over to him or to make any application to the court for a hearing or for the imposition of sanctions at the time the trial court could have taken action thereon, defense counsel failed to preserve the issue for review on direct appeal.

Because defense counsel could have asked the trial court for a hearing and, thus, could have readily made the facts concerning a possible *Rosario* violation appear on the record but unjustifiably failed to do so, the court properly denied the posttrial motion *(see,* CPL 440.10 [3]).

Moreover, as stated in *People v Howard* (127 AD2d 109, 118, *lv denied* 70 NY2d 648), there is no subdivision of CPL 440.10 which authorizes the vacation of a judgment because of a *Rosario* violation, except in the case of newly discovered evidence *(see,* CPL 440.10 [1] [g]). In support of his motion, defendant submitted no newly discovered evidence, but referred only to facts that appeared in the trial record.

Having unjustifiably failed to preserve the issue for review on direct appeal, defendant should not, without a showing of newly discovered evidence, be permitted to raise the issue of a

*Rosario* violation on a posttrial motion under CPL 440.10. (Appeal from order of Supreme Court, Erie County, Marshall, J.—robbery, first degree, and another charge.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Davis, JJ.