■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MULLADY, Appellant.—Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered June 14, 1989, convicting defendant, after a nonjury trial, of murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to three concurrent terms of imprisonment of 25 years to life, unanimously affirmed.

Viewing the evidence in the light most favorable to the People *(People v Thompson,* 72 NY2d 410, 413), we find that it was legally sufficient to sustain the determination of the court. The witness testified that defendant admitted shooting the victim to obtain money and drugs. Further, defendant

attempted to sell the gun, determined by ballistics to be the gun that killed the victim, to the witness a few days after the murder. And, the findings of the medical examiner were consistent with the manner in which the witness described the shooting.

There was no *Brady* violation. "The record does not indicate that prior to trial the evidence in issue either existed or was in the possession of the prosecution" *(People v Fappiano,* 139 AD2d 524, 525, *lv denied* 72 NY2d 918). In any event, constitutional error occurs only if the evidence which was not disclosed was material in the sense that there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different. *(People v Chin,* 67 NY2d 22, 33.) The " 'mere possibility' " that undisclosed evidence might have helped the defense or affected the outcome of the trial does not establish materiality in the constitutional sense *(People v Alongi,* 131 AD2d 767, 768). Here, in view of the strong evidence of defendant's guilt, there is no reasonable probability that a voucher, purportedly reporting personal items found on the victim's body, would have resulted in an acquittal.

Defendant was properly sentenced as a persistent violent felony offender pursuant to Penal Law § 70.08, it being settled that this statute does not violate the constitutional prohibition against ex post facto law by enhancing the sentences for crimes committed before its enactment *(People v Aiello,* 93 AD2d 864). As such, there is no reason to disturb the sentence imposed.

The defendant's remaining contentions have been examined and determined to be either without merit or unpreserved. Concur—Murphy, P. J., Carro, Milonas, Asch and Kassal, JJ.