■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER WATSON, Appellant. [603 NYS2d 903] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered December 17, 1991, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance

in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the court erred in denying the branch of his omnibus motion which was to suppress physical evidence because the arresting officer's testimony at the hearing was tailored to nullify constitutional objections. The court found the officer to be a credible witness, and the officer's testimony was uncontradicted at the hearing. As the hearing court had the peculiar advantage of seeing and hearing the witness, its determination must be accorded great weight on appeal (see, People v Prochilo, 41 NY2d 759, 761). Accordingly, we decline to disturb the hearing court's determination, which is fully supported by the evidence (see, People v Griffin, 186 AD2d 820; People v Hernandez, 135 AD2d 732).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant contends that the circumstantial evidence was insufficient to establish his constructive possession of narcotics found in the motel room where he was arrested. The defendant's explanation for his presence in the motel room, and his brother's testimony that the narcotics belonged to him, and not to the defendant, presented issues of credibility for the jury. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The court's Sandoval ruling properly balanced the probative worth of the evidence of prior criminal acts on the issue of the defendant's credibility and the risk of unfair prejudice (see, People v Sandoval, 34 NY2d 371). The defendant's contention that he was not present when the court issued its Sandoval ruling is not supported by the record, which indicates that the defendant was in fact present.

Under the circumstances of this case, the court did not err

in instructing the jury on the so-called "drug factory presumption" *(see,* Penal Law § 220.25 [2]), as drugs, a scale, and glassine envelopes were found in the bathtub of the motel room where the defendant was arrested *(see, People v Riddick,* 159 AD2d 596; *People v Garcia,* 156 AD2d 710).

We find that no *Brady* violation *(see, Brady v Maryland,* 373 US 83) occurred with respect to the defendant. The purported *Brady* material did not exist during the trial, and in any event, was not material in the constitutional sense *(see, People v Mullady,* 180 AD2d 408; *People v Fappiano,* 139 AD2d 524; *see also, People v Vilardi,* 76 NY2d 67).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or do not warrant a reversal of his conviction. Eiber, J. P., O'Brien, Santucci and Joy, JJ., concur.