■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VICTOR ALVARADO, Also Known as CARLOS JUSINO, Respondent. [607 NYS2d 399] —Appeal by the People from an order of the Supreme Court, Kings County (Lewis, J.), dated April 2, 1993, which granted the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court (Broomer, J.), rendered April 9, 1986, convicting him of robbery in the first degree, upon a jury verdict, and directed a new trial.

Ordered that the order is affirmed.

A defendant who has exhausted direct appeal and subsequently seeks to raise a *Rosario* claim *(People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) by way of a CPL 440.10 motion must show that actual, ascertainable prejudice re-

sulted from the prosecution's failure to turn over *Rosario* material *(see, People v Jackson,* 78 NY2d 638, 641, 649). After the defendant was convicted of robbery in the first degree for taking the complainant's car and wallet at gunpoint, he obtained two police reports which had not been provided by the People prior to trial. The reports were written by a detective who did not witness the robbery or testify at trial. The first concerned an interview with the complainant and some of the information in that report was inconsistent with certain trial testimony by the complainant and a police officer. These inconsistencies were sufficient to sustain the defendant's burden of demonstrating that there was a reasonable possibility that the failure to disclose the first of these police reports contributed to the jury verdict *(see, People v Jackson,* 78 NY2d, at 649, *supra).* Thompson, J. P., Rosenblatt, Altman and Hart, JJ., concur.