■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT CALVIN BOYETTE, Respondent. [607 NYS2d 402] —Appeal by the People from an order of the Supreme Court, Kings County (Moskowitz, J.), dated March 15, 1991, which granted the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court (Kooper, J.), rendered November 20, 1984, and ordered a new trial. By decision and order on motion of this Court, dated September 17, 1992, the matter was remitted to the Supreme Court, Kings County, to hear and report on the issue of whether an alleged *Rosario (People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) violation resulted in prejudice to the defendant. The report has now been filed.

Ordered that the order is reversed, on the law, the motion is denied, and the judgment of conviction is reinstated.

The People appeal from an order granting the defendant's second motion pursuant to CPL article 440. The motion was made after this Court affirmed the defendant's judgment of conviction and an order denying his first motion made pursuant to CPL 440.10 *(see, People v Boyette,* 149 AD2d 716). Specifically presented for our review is the question of the propriety of the court's determination that reversible *Brady (Brady v Maryland,* 373 US 83) and *Rosario (People v Rosario, supra;* CPL 240.45 [1] [a]), violations occurred as well as whether a new trial is warranted based upon newly-discovered evidence.

Having moved a second time to vacate his judgment of conviction, this time on the basis of "newly-discovered evidence", it was incumbent upon the defendant to establish that the "new evidence" had been discovered since the entry of his judgment, that it could not have been produced by him at the

trial with due diligence on his part, and that it was of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to him (CPL 440.10 [1] [g]). Further, the defendant was required to show that the motion was made "with due diligence after the discovery of the alleged new evidence" (CPL 440.10 [1] [g]).

Apparently finding that the defendant had made his motion with the requisite due diligence, the hearing court then ordered an evidentiary hearing. We find that the defendant's motion was not made with "due diligence" following the discovery of the purportedly new evidence. We further find that a hearing was not warranted and that, neither in his papers nor upon the hearing, did the defendant establish that his proffered evidence would have affected the verdict, or would even have been admissible at trial.

This error was compounded when, during the course of this hearing, the court expanded its scope to include an inquiry into the question of whether the defendant had previously been supplied all *Brady* and *Rosario* material to which he was entitled, based upon certain claims made by the attorney who represented the defendant at this hearing, which attorney was the defendant's third attorney in this matter. Following a protracted hearing had on this latter question, the court ultimately ruled that the defendant was also entitled to a vacatur of his judgment of conviction based upon the nonproduction of both *Brady* and *Rosario* material.

We disagree with the hearing court's conclusion that the defendant was further entitled to a vacatur of his judgment of conviction based upon prejudicial *Brady* and *Rosario* violations. On the contrary, upon our review of the hearing record, we find that the defendant failed to demonstrate that he had, in fact, been denied certain materials to which he was entitled *(see, People v Sherman,* 156 AD2d 889, 891; *People v Miles,* 136 AD2d 958, 959). Furthermore, certain of the items which the defendant claimed, and the Supreme Court agreed, were *Rosario* and/or *Brady* material, were not properly found to be such material. Finally, even if those items were never delivered to him and were properly classified as *Rosario* or *Brady* material, no prejudice could have resulted to the defendant *(see, People v Jackson,* 78 NY2d 638, 648-649; *People v Vilardi,* 76 NY2d 67, 73, 76).

Accordingly, we conclude that it was error for the hearing court to vacate the defendant's judgment of conviction and

order a new trial. Thus, we reinstate the judgment of conviction. Rosenblatt, J. P., Lawrence, O'Brien and Ritter, JJ., concur.