(May 19, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM A. LENT, Also Known as WILD BILL, Appellant. [612 NYS2d 452] —White, J. Appeals (1) from a judgment of the County Court of Albany County (Harris, J.), rendered December 7, 1987, upon a verdict convicting defendant of the crime of sodomy in the first degree, and (2) by permission, from an order of said court (Breslin, J.), entered June 23, 1993, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Following the imposition of the sentence upon his conviction of the crime of sodomy in the first degree, defendant moved, pursuant to CPL 440.10, to vacate the judgment of conviction on the basis that material evidence adduced at the trial was false, that new evidence had been discovered and that there was prejudicial conduct on the part of the prosecution resulting in the denial of *Rosario* and *Brady* material. County Court denied the motion. These appeals by defendant ensued.

Defendant's conviction rests in large part upon the testimony of the victim's mother which, as developed on cross-examination, was at variance with prior statements she had given to the police. Defendant did not establish at trial or on his CPL 440.10 motion that the mother's testimony regarding defendant's sexual contact with her daughter was false. Moreover, even if he had, he would still not be entitled to a reversal of his conviction on the ground of false testimony because there is no evidence in the record indicating that the prosecutor knew that this testimony or the testimony of any witness was false *(see, People v Pelchat,* 62 NY2d 97, 105; *People v Robertson,* 12 NY2d 355, 359).

We find that defendant's claim of newly discovered evidence lacks substance due to his failure to establish that such evidence could not, with due diligence, have been discovered prior to trial *(see, People v Civitello,* 152 AD2d 812, 814, *lv denied* 74 NY2d 947). In any event, it is highly unlikely that this "new" evidence would change the result if a new trial was granted *(see, People v Latella,* 112 AD2d 321, 323).

Turning to defendant's *Rosario* claim, he sets forth in his

brief 17 alleged items of *Rosario* material that he maintains were not turned over by the People. Aside from the fact that some of these items are not *Rosario* materials, as they are not statements of prosecution witnesses *(see, People v Ranghelle,* 69 NY2d 56, 59; *see also,* CPL 240.45), this issue has not been preserved for appellate review due to defendant's failure to establish at trial whether these materials were available *(see, People v Laguer,* 195 AD2d 483, 485, *lv denied* 82 NY2d 756). Nor could it be considered on his CPL 440.10 motion because he again did not adduce any proof that the claimed *Rosario* materials were available *(see, People v Boyette,* 201 AD2d 490).

Defendant's *Brady* claim is meritless because the record does not indicate that at anytime the evidence he claims is *Brady* material either existed or was in the possession of the People *(see, People v Mullady,* 180 AD2d 408, 409, *lv denied* 80 NY2d 835). Additionally, because defendant did not make a specific request, reversal of his conviction is not warranted in light of his failure to establish that, had the claimed *Brady* material been disclosed, there is a reasonable probability that the result of the trial would have been different *(see, People v Vilardi,* 76 NY2d 67, 73-76; *People v Nedrick,* 166 AD2d 725, *lv denied* 77 NY2d 842).

Therefore, for these reasons, we affirm.

Cardona, P. J., Casey, Weiss and Peters, JJ., concur. Ordered that the judgment and order are affirmed.