■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent. v ROBERT MUNIZ, Appellant. [627 NYS2d 115] —White, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered December 7, 1992, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the second degree.

On two occasions in August 1991, a confidential informant purchased cocaine from Lee Longtin at Longtin's residence in the Town of Dryden, Tompkins County. After the first purchase, the police obtained an order authorizing the installa-

tion of a pen register on Longtin's telephone. On September 20, 1991, County Court signed an eavesdropping warrant authorizing a wiretap on Longtin's telephone. Shortly thereafter, the police intercepted a conversation between Longtin and defendant, who was in New York City, wherein Longtin was negotiating the purchase from defendant of 250 grams of cocaine for $7,000. On September 27, 1991, the police observed Richard Lucas and Daryl Hallock leave Longtin's residence, driving Longtin's automobile. Later that day, officers assigned to the New York City Drug Task Force observed and photographed these two individuals with defendant in and around defendant's residence in New York City. When Lucas and Hallock returned to Longtin's residence at about 10:10 P.M. on September 27, 1991 the police executed a no-knock search warrant, seized a quantity of cocaine, marihuana and drug paraphernalia, and arrested Longtin. Defendant was arrested in New York City on October 3, 1991 and Hallock and Lucas were arrested on October 16, 1991 on superior court arrest warrants.

The indictment returned against the defendants charged them with the crime of conspiracy in the second degree (two counts) and, additionally, charged defendant with the crime of criminal sale of a controlled substance in the first degree (two counts). Following the denial of defendant's suppression motions and his motion for a dismissal of the indictment on the ground he had been denied his right to an impartial Grand Jury representing a fair cross section of the community, the trial of defendant, Lucas and Hallock commenced on September 9, 1992.[1] On September 10, 1992 the prosecutor dismissed the charges against Lucas in exchange for his testimony, and on September 14, 1992, prior to opening statements, Hallock entered a guilty plea. On September 15, 1992, after the incriminating testimony of his girlfriend, defendant pleaded guilty to criminal sale of a controlled substance in the second degree and waived his right to appeal in exchange for a promised indeterminate prison sentence of six years to life.

On September 29, 1992, the prosecutor learned that Robert Lishansky, an investigator with the State Police who had filed a report indicating, inter alia, that he had found one of Hallock's fingerprints on a plastic bag containing marihuana that was seized from Longtin's residence, had testified falsely in an unrelated prosecution. On November 5, 1992 the prosecutor was informed of irregularities in the fingerprint attributed to Hallock and imparted this information to defendant's

---

1. Prior to trial the charges against Longtin were severed.

counsel.[2] Defendant then moved to vacate his plea on the ground that, *inter alia,* he had not been provided with *Brady* material and the indictment was obtained by false evidence. After a hearing, County Court denied the motion and imposed the agreed-upon sentence on defendant, who now appeals.

Initially, we reject defendant's argument that County Court did not have jurisdiction over him, since the telephone conversation between himself and Longtin, discussing the sale of cocaine, was sufficient to confer jurisdiction over defendant upon County Court *(see, People v Weaver,* 157 AD2d 983, 984, *lv denied* 76 NY2d 744; *see also,* CPL 20.60 [1]).

The record discloses that defendant voluntarily, knowingly and intelligently waived his right to appeal from his conviction *(see, People v Callahan,* 80 NY2d 273, 280; *People v Seaberg,* 74 NY2d 1, 11). Consequently, he is foreclosed on this appeal from pursuing his challenge to the denial of his suppression motions *(see, People v Dixon,* 210 AD2d 532). We need not decide if the waiver extends to defendant's constitutional claim that the Grand Jury was not selected from a fair cross section of the community or whether he forfeited such claim by his guilty plea, because he failed to establish that a substantial and identifiable segment of the community was "systematically excluded" from Grand Jury service or that a particular segment of the community was deliberately excluded *(see, People v Shedrick,* 66 NY2d 1015, 1017; *People v Guzman,* 60 NY2d 403, 410-412, *cert denied* 466 US 951).

Our review of the Grand Jury minutes discloses that the People did not present any fingerprint evidence to the Grand Jury. Thus, defendant's contention that the indictment should be dismissed because it is predicated upon false evidence is without merit *(see, People v Mitchell,* 82 NY2d 509, 514).

Defendant next argues that the prosecutor's purported failure to advise him of the falsified fingerprint evidence prior to the entry of his plea deprived him of his due process right to pretrial disclosure of *Brady* material. We disagree. Inasmuch as this evidence involved a codefendant and was unrelated to the charges against defendant, we do not consider it *Brady* material, as it is not exculpatory nor would it have affected the credibility of a prosecution witness whose testimony may have been determinative of defendant's guilt or innocence *(see, People v Baxley,* 84 NY2d 208, 213). Even if such evidence was *Brady* material, there was no *Brady* violation since the prose-

---

2. On November 20, 1992, the prosecutor was informed that Lishansky admitted that he had falsified Hallock's fingerprint.

cutor did not know of the falsified fingerprint evidence until after defendant entered his plea *(see, People v Lent (Wild Bill),* 204 AD2d 855, 856, *lvs denied* 84 NY2d 869, 873; *People v Watson,* 198 AD2d 461, 463, *lv denied* 83 NY2d 811; *People v Mullady,* 180 AD2d 408, 409, *lv denied* 80 NY2d 835). Moreover, defendant was afforded a meaningful opportunity to use the evidence, as he was apprised of its existence prior to the imposition of his sentence and thus was able to include this as a ground to vacate his plea *(see, People v Gutkaiss,* 206 AD2d 628, 631, *lv denied* 84 NY2d 936).

Lastly, in view of evidence derived from the wiretap, the surveillance of defendant's residence, the incriminating testimony of his girlfriend and the anticipated inculpatory testimony of his accomplice, County Court did not abuse its discretion in denying defendant's motion to vacate his plea, as we agree with County Court that defendant's claim that he relied upon the accuracy of the fingerprint evidence in entering his plea is untenable *(see, People v Benoit,* 142 AD2d 794, 795, *lv denied* 72 NY2d 915).

For these reasons, we affirm.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.

