(April 25, 1997)

■ The People of the State of New York, Respondent, v Floyd W. Van Wie, Appellant. [661 NYS2d 112] —Order unanimously reversed on the law, judgment of conviction vacated and matter remitted to Herkimer County Court for further proceedings on the indictment. Memorandum: Defendant appeals from an order of Herkimer County Court that denied his CPL article 440 motion to vacate a judgment of conviction. Defendant was convicted upon his plea of guilty to insurance fraud in the fifth degree (Penal Law § 176.10), allegedly committed by his receipt of benefits pursuant to a series of unchallenged determinations of the Workers' Compensation Board. Defendant was sentenced to a conditional discharge after he agreed to withdraw his Workers' Compensation claim, to reimburse Herkimer County $13,327.42 for benefits and legal expenses incurred by it, and to indemnify Herkimer County in the amount of $51,528 in the event that it was called upon to reimburse benefits paid by Oneida County. On this appeal, defendant contends, *inter alia*, that he was deprived of effective assistance of counsel, who advised defendant that he had no defense to the charge when, as established by the record before us, the indictment is patently lacking in merit.

CPL 440.10 (1) (h) provides that, at any time after the entry of a judgment of conviction, the court, on defendant's motion, may vacate such judgment on the ground that it was obtained in violation of defendant's constitutional rights, including the Sixth Amendment right to effective assistance of counsel. CPL 440.30 (3) provides that the court must summarily grant the motion and vacate the judgment of conviction where the moving papers allege a ground constituting a legal basis for the motion, and where such ground is supported by sworn allegations of fact that are either conceded by the People to be true or are conclusively substantiated by unquestionable documentary proof (*see, People v Petrocelli*, 232 AD2d 661; *People v Harris*, 109 AD2d 351, 354, *lv denied* 66 NY2d 919).

Based upon the record before us, we are compelled to grant defendant's motion. Defendant's papers set forth detailed and unchallenged allegations, supported by strong and unquestioned documentation, concerning defendant's innocence, the lack of any legal basis for the prosecution, and the ineffective assistance of defendant's attorneys. In particular, the papers establish that his attorneys were ineffective in advising defendant to plead guilty to a charge of insurance fraud based on

their assessment that he had no defense, when in fact the prosecution, from all appearances, had no case against defendant. Counsel demonstrably failed to render "meaningful representation" and were particularly ineffective in advising defendant to plead guilty to a patently unmeritorious charge without having investigated the facts, researched the law, or developed the record. Such investigation and research would have revealed numerous legal and factual impediments to conviction of defendant for insurance fraud. Among the legal impediments is the doubtful premise of the prosecution that a claim for workers' compensation benefits paid pursuant to a municipality's plan of self-insurance constitutes a "claim for payment or other benefit pursuant to an insurance policy for commercial or personal insurance" (Penal Law former § 176.05; *see,* Penal Law § 176.00 [1], [4], [5]; Insurance Law § 1101; Workers' Compensation Law § 50; *cf., Guercio v Hertz Corp.,* 40 NY2d 680, 684; *Aetna Cas. & Sur. Co. v World Wide Rent-A-Car,* 28 AD2d 286, 288-289). We note that amendments extending Penal Law article 176 to claims submitted to workers' compensation self-insurers did not take effect until September 10, 1996, long after defendant was convicted (*see,* L 1996, ch 635, §§ 23-24, 90). Among the factual obstacles are the numerous medical records and reports and unchallenged determinations of the Workers' Compensation Board uniformly finding that defendant sustained disabling injuries in the course of his service as a volunteer firefighter.

In contrast to defendant's detailed and well-supported 239-page motion to vacate, the People's three-page response is deficient. It does not deny the factual allegations set forth in the motion papers or raise any countervailing allegations, and it fails to address most of the legal arguments raised by defendant, including the allegations of ineffective assistance. The People merely allege that defendant pleaded guilty after consulting with his attorneys. What is not disputed must be deemed conceded (*see, People v Wright,* 86 NY2d 591, 595-596). We thus are compelled to grant defendant's motion, vacate the judgment of conviction and remit the matter to Herkimer County Court for further proceedings on the indictment. (Appeal from Order of Herkimer County Court, Kirk, J.—CPL art 440.) Present—Denman, P. J., Pine, Doerr, Balio and Fallon, JJ.