■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN D. POTTER, Appellant. (Appeal No. 1.) [681 NYS2d 704] —Judgment unanimously vacated and new trial granted. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]). He also appeals from two orders that denied

his CPL article 440 motions to vacate the judgment of conviction. Defendant contends that reversal is required based on the People's failure to turn over tape-recorded conversations between prosecution witnesses and based on ineffective assistance of counsel. We agree.

At trial, two prosecution witnesses testified that defendant waited in the car for them while they committed the burglary. After trial, it was revealed that one of the two witnesses, pursuant to a police directive, had worn a wire and taped a conversation with the other witness as well as a conversation with a third prosecution witness, who was the "fence" for the stolen property. Those tapes were not provided to the defense during trial and were destroyed by the police after the trial concluded.

Defendant was entitled to review the tapes because their subject matter, the whereabouts of the stolen property from other burglaries and possibly the burglary allegedly committed with defendant, related to the trial testimony of those three witnesses (*see, People v Rosario*, 9 NY2d 286, 289-290, *rearg denied* 9 NY2d 908, 14 NY2d 876, 15 NY2d 765, *cert denied* 368 US 866; *see also, People v Ranghelle*, 69 NY2d 56, 62). Because defendant raised this issue by way of a CPL 440.10 motion, defendant must show prejudice, i.e., that there was "a 'reasonable possibility' that the nondisclosure materially contributed to the verdict" (*People v Machado*, 90 NY2d 187, 193; *see, People v Cohen*, 242 AD2d 473, 473-474, *lv denied* 91 NY2d 871). Defendant made such a showing. The People relied almost exclusively on the testimony of those three prosecution witnesses to establish their prima facie case. The tapes may have revealed inconsistencies in the testimony of the witnesses, thus enabling defendant to attack the credibility of those witnesses. Because the tapes have been destroyed, on the new trial the trial court must exercise its discretion in determining an appropriate sanction "to eliminate any prejudice to the defendant while protecting the interests of society" (*People v Kelly*, 62 NY2d 516, 520; *see, People v Martinez*, 71 NY2d 937, 939-940).

The prosecutor also should have corrected the testimony of an investigator at trial that no deals were made with the two prosecution witnesses who testified that they committed the burglary. The investigator's testimony was inaccurate, and the prosecutor had a duty to correct the inaccuracies (*see, People v Steadman*, 82 NY2d 1, 7; *People v LaDolce*, 196 AD2d 49, 56).

We also agree with defendant that he received ineffective assistance of counsel. The record reflects that defense counsel

failed to prepare for trial. He made no omnibus motion and never requested a bill of particulars or otherwise sought discovery. Although he maintained at the hearing on defendant's CPL 440.10 motion that he did not request a bill of particulars because he already knew the necessary information, he could not answer questions regarding the time of the burglary or whether defendant was charged as a principal or an accomplice. Counsel did not have a file on defendant's case and claimed that the file was taken in a burglary of his office, although he could not remember when that burglary occurred. According to defendant, counsel met with him only once, on the eve of trial, and at the hearing counsel could not state definitively whether he met with defendant on more than that one occasion. The conduct of defense counsel during the trial, particularly his opening statement wherein he stated that the case consisted of only circumstantial evidence, reflected his lack of preparation. Counsel's failure to cross-examine many of the prosecution's witnesses effectively cannot be explained as a legitimate trial tactic (*see, People v Baldi*, 54 NY2d 137, 146-147). Thus, defendant is entitled to a new trial based both on the *Rosario* violation and ineffective assistance of counsel. (Appeal from Judgment of Oneida County Court, Donalty, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.