failed to prepare for trial. He made no omnibus motion and never requested a bill of particulars or otherwise sought discovery. Although he maintained at the hearing on defendant's CPL 440.10 motion that he did not request a bill of particulars because he already knew the necessary information, he could not answer questions regarding the time of the burglary or whether defendant was charged as a principal or an accomplice. Counsel did not have a file on defendant's case and claimed that the file was taken in a burglary of his office, although he could not remember when that burglary occurred. According to defendant, counsel met with him only once, on the eve of trial, and at the hearing counsel could not state definitively whether he met with defendant on more than that one occasion. The conduct of defense counsel during the trial, particularly his opening statement wherein he stated that the case consisted of only circumstantial evidence, reflected his lack of preparation. Counsel's failure to cross-examine many of the prosecution's witnesses effectively cannot be explained as a legitimate trial tactic (*see, People v Baldi*, 54 NY2d 137, 146-147). Thus, defendant is entitled to a new trial based both on the *Rosario* violation and ineffective assistance of counsel. (Appeal from Judgment of Oneida County Court, Donalty, J.— Burglary, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN D. POTTER, Appellant. (Appeal No. 2.) [678 NYS2d 763] —Order unanimously reversed on the law and motion granted. Same Memorandum as in *People v Potter* ([appeal No. 1] 254 AD2d 831 [decided herewith]). (Appeal from Order of Oneida County Court, Donalty, J.—CPL art 440.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN D. POTTER, Appellant. (Appeal No. 3.) [678 NYS2d 762] —Order unanimously reversed on the law and motion granted. Same Memorandum as in *People v Potter* ([appeal No. 1] 254 AD2d 831 [decided herewith]). (Appeal from Order of Oneida County Court, Donalty, J.—CPL art 440.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.

■ In the Matter of LIVINGSTON COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of CHERYL LINSNER, Respondent, v SHAUN GRIMMELT, Appellant. (Appeal No. 1.) [678 NYS2d 762] —Order unanimously vacated without costs. Same Memorandum as in *Matter of Livingston County Dept. of Social Servs. (Linsner) v Grimmelt* (254 AD2d 834 [decided herewith]). (Appeal