■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES A. HALL, Appellant. [701 NYS2d 489] —Spain, J. Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered January 10, 1996, upon a verdict

convicting defendant of the crime of criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered June 7, 1998, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing.

On the evening of September 14, 1994, two police officers observed a woman approach defendant in the City of Albany, have a brief discussion with him and hand him money; defendant, in turn, removed a small package from his mouth and gave it to her. She placed the package in her pocket and walked away. When the officers pursued and stopped her, she removed a package from her pocket, the contents of which appeared to be crack cocaine. She was arrested and gave a description of the person from whom she had just purchased the drugs; this description was consistent with that of the person who the officers had just observed sell her the drugs. The officers called for a paddy wagon to transport the woman and then returned to the location where they had observed the transaction and arrested defendant.

Following a jury trial, at which the officers and the woman testified, the jury rejected defendant's misidentification defense and convicted him as charged of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), a class B felony. Defendant was subsequently sentenced as a predicate felon to a term of imprisonment of 12½ to 25 years. Defendant appeals the judgment of conviction.

Upon obtaining various requested documents through the Freedom of Information Law (Public Officers Law art 6), defendant moved to vacate his conviction pursuant to CPL 440.10, claiming certain *Rosario* (*People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866) and *Brady* (*Brady v Maryland*, 373 US 83) violations as well as ineffective assistance of counsel. Following a hearing, County Court denied the motion and this Court subsequently granted permission to appeal that order.

We affirm in all respects. Initially, we reject defendant's contention on his appeal from the judgment of conviction that the People committed *Rosario* violations which constituted per se reversible error (*see, People v Martinez*, 71 NY2d 937, 940). Where, as here, defendant failed to raise this issue at trial, and the trial record is completely silent on the subject of alleged *Rosario* violations, such issue is unpreserved for appellate review on direct appeal (*see, People v Jackson*, 78 NY2d 900; *People v Cobian*, 185 AD2d 452, 454, *lv denied* 81 NY2d 838; *People v Rashid*, 164 AD2d 951, 952-953, *lv denied* 76 NY2d 943; *People v Nuness*, 151 AD2d 987, *lv denied* 74 NY2d

816; *People v Garrow*, 151 AD2d 877, 878, *lv denied* 74 NY2d 948; *see also*, CPL 470.05 [2]).

We also reject defendant's contention—initially raised in his CPL 440.10 motion—that the People's nondisclosure of an alleged taped recording of the arresting officers' transmission requesting a paddy wagon for the woman constituted a *Rosario* violation. Under *People v Rosario* (*supra*, at 289), the People must furnish defendant with any recording containing statements of a prosecution witness related to the witness's trial testimony (*see, People v Gillis*, 220 AD2d 802, 805, *lv denied* 87 NY2d 921). Should such a tape exist and should it in fact contain the officers' statements regarding "what [they] had seen and what incident had occurred", it could potentially constitute *Rosario* material (*see, e.g., People v Potter*, 254 AD2d 831, 832; *People v Bowers*, 210 AD2d 795, 797).* However, it remained incumbent upon defendant to establish that a tape actually existed and that it was available to the prosecution (*see, People v Gillis, supra*, at 805; *People v Lent [Wild Bill]*, 204 AD2d 855, 856, *lvs denied* 84 NY2d 869, 873).

A review of the testimony of the arresting officers at the CPL 440.10 hearing reveals that in all likelihood the subject transmission was made on a "talk about" frequency and was not recorded. In addition, the Commanding Officer of the City's communications system testified that, in September 1994, there was no formal policy in place for the preservation of taped transmissions and that, due to a shortage of tapes, there was no way to know how long the alleged tape was available before it was taped over again. In light of this uncontroverted testimony, County Court properly concluded that defendant had failed to establish that the tape existed or that, if it did exist, it was available to the prosecution (*see, People v Lent, supra*, at 856).

In addition, defendant, having first raised this issue in a CPL 440.10 motion, failed to make the required showing of prejudice, i.e., that there was "a 'reasonable possibility' that the nondisclosure materially contributed to the verdict" (*People v Machado*, 90 NY2d 187, 193). Indeed, the arresting officers both testified at the CPL 440.10 hearing that they could not recall making such a call and that even if they had made a call requesting backup, it was not their habit to provide the details of the incident during such calls. The only contradictory evi-

---

* This quoted statement was made by one of two officers in his Grand Jury testimony. In all other testimony regarding this transmission, both officers deny that they would have provided any details regarding an incident during such a transmission.

dence consisted of a comment by one of the officers during his Grand Jury testimony. In light of the speculative nature of defendant's claim and according deference to County Court's observation of the witnesses and its superior position with respect to resolving credibility issues (*see, People v Garcia*, 149 AD2d 241, 247, *affd* 75 NY2d 973), we perceive no basis upon which to conclude that the court erred in determining that defendant failed to sustain his burden of showing that there was a "reasonable possibility" that the nondisclosure of the alleged tape contributed to the verdict (*see, People v Machado, supra,* at 193; *People v Potter, supra,* at 832).

We also reject defendant's assertion that the People committed a reversible *Rosario* violation by failing to provide defendant with the arrest report of the woman to whom he sold the drugs. In failing to raise this issue at trial by requesting a hearing or seeking sanctions for the alleged nondisclosure, defendant failed to preserve it for appellate review (*see,* CPL 440.10 [3] [a]; *People v Nuness*, 151 AD2d 987, 988, *supra*; *People v Lanahan*, 96 AD2d 675, 676-677; *cf., People v Berezansky*, 229 AD2d 768, 771, *lv denied* 89 NY2d 919). Further, defendant failed to prove that the report was not in fact turned over to the defense prior to trial (*see, People v Gillis*, 220 AD2d 802, 805, *supra*). In this regard, the minutes of defendant's December 1994 parole revocation hearing—long before defendant's November 1995 jury trial—confirms the testimony of one of the officers at the posttrial CPL 440.10 hearing that defendant was in possession of this woman's arrest report at the parole hearing. This fully supports County Court's determination that defendant had possession of the arrest report prior to trial.

Further, a review of the arrest report fails to reveal how its disclosure could have materially contributed to the verdict. The officers' testimony at the CPL 440.10 hearing explained what appeared to be a discrepancy between the time and location of the woman's arrest in relation to defendant's arrest, and this explanation was fully supported by the arrest reports (*see, People v Machado, supra,* at 193; *compare, People v Alvarado,* 201 AD2d 486, 487). Thus, this aspect of defendant's motion was properly denied.

We also find no merit to defendant's assertion that the alleged tape recording and arrest report constituted *Brady* material, the nondisclosure of which violated his due process rights. By parity of reasoning to the foregoing *Rosario* analysis, there is no basis upon which to conclude that the nondisclosure created a "reasonable probability that the result of the trial would

have been different" (*People v Lent*, 204 AD2d 855, 856, *supra*; *cf.*, *People v Vilardi*, 76 NY2d 67, 73-76).

We have considered defendant's remaining contentions, including the claimed ineffective assistance of counsel and the harshness of the sentence imposed, and find that they are devoid of merit.

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the judgment and order are affirmed.

