THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN D. POTTER, Appellant. [725 NYS2d 778] —Order unanimously reversed on the law, motion granted, judgment vacated and new trial granted. Memorandum: Defendant appeals from an order that denied his CPL article 440 motion to vacate the judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]). Defendant contends that reversal is required based on the People's failure to turn over tape-recorded conversations between a prosecution witness and accomplices to the crime, as well as written statements by that prosecution witness. Defendant previously appealed from a judgment convicting him of a burglary in Oneida County and from two orders denying his CPL article 440 motions to vacate that judgment of conviction, and we vacated the judgment based in part on the same ground raised herein (*People v Potter,* 254 AD2d 831; *People v Potter,* 254 AD2d 833). We conclude that County Court erred in denying the CPL article 440 motion in this case.

The Oneida County Sheriff's Department and the State Police Department investigated defendant in connection with several burglaries and larcenies committed in Oneida and Herkimer Counties. At defendant's trial in this case, a witness who had participated in some of the burglaries with defendant testified for the People. The witness had given two written statements, one to an investigator with the Sheriff's Department, and one to a State Police investigator who also testified at trial. In addition, the witness had agreed to wear a wire, and a conversation between the witness and another accomplice was recorded. The police also recorded a telephone conversation between the witness and a second accomplice to the burglaries. In support of the instant CPL article 440 mo-

tion, defendant alleged that he did not receive those tape-recorded conversations, nor did he receive the written statements of the witness to the investigators. The People did not deny those factual allegations in their response to defendant's motion and thus must be deemed to have conceded them (*see, People v Van Wie,* 238 AD2d 876, 877).

The tape-recorded conversations were destroyed, but the testimony in the hearing on one of the prior CPL article 440 motions indicated that the subject matter of those conversations related to the trial testimony of the witness. In addition, the written statement that the witness gave to the State Police investigator related to the witness's trial testimony. As we concluded in the prior appeals, we conclude herein that defendant established "that there was 'a "reasonable possibility" that the nondisclosure [of the tapes and the statement given by the witness to the State Police investigator] materially contributed to the verdict' " (*People v Potter, supra,* at 832; *see,* CPL 240.75). Defendant is therefore entitled to a new trial based on those *Rosario* violations. We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Order of Herkimer County Court, Kirk, J.—CPL art 440.) Present—Pine, J. P., Hayes, Wisner, Kehoe and Burns, JJ.