■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRINCE DOBERE, JR., Appellant. [749 NYS2d 114] —Cardona, P.J. Appeal from a judgment of the County Court of Albany County (Ryan, J.), rendered July 26, 2001, upon a verdict convicting defendant of the crime of criminal possession of marihuana in the second degree.

Defendant was arrested in the City of Albany on August 5, 2000, after Albany police officers observed a quantity of marihuana on the center console of the vehicle he was operating. A subsequent search of the trunk revealed additional marihuana. The aggregate amount of marihuana seized exceeded 16 ounces. Defendant was charged with criminal possession of marihuana in the second degree. His motion to suppress certain evidence was denied and, following a jury trial, he was convicted of that charge.

On this appeal, defendant challenges his arrest and the resulting search and seizure. He also argues that County Court erred by admitting into evidence untested marihuana with which he was not charged and evidence regarding marihuana distribution which deprived him of a fair trial. Finally, he contends that the verdict was against the weight of the evidence.

Turning to the suppression issue, the relevant facts from the suppression hearing reveal that on August 5, 2000, Detective John Monte and Police Officer Kenneth Koonz, members of the Albany Police Department Community Response Unit, were in the third day of a four-day surveillance operation of an alleged open-air marihuana enterprise on Clinton Avenue near its intersection with North Swan Street in the City of Albany. At around 3:00 P.M., from their surveillance position, the officers saw a black Mitsubishi Galant automobile parked on Clinton Avenue. They observed an individual, later identified as Lorenzo Robinson, enter the front passenger side of the vehicle on a few occasions. On each entry, he appeared to be leaning down as if to retrieve something from either under the

dashboard or under the seat. Upon exiting the vehicle, Robinson was seen placing something in his pockets and engaging in apparent hand-to-hand marihuana sales with various buyers. At around 4:00 P.M., the officers observed a juvenile access the open trunk of the Galant, remove a shoe box and sit down on the steps of a nearby building. The juvenile filled some small clear plastic baggies with a green leafy substance taken from the shoe box. When he finished filling the baggies, the juvenile returned the shoe box to the trunk. The officers also observed another individual, Lamar King, engage in apparent marihuana sales. One of his buyers was arrested after leaving the area and found to be in possession of marihuana. Defendant was observed in the immediate vicinity of this suspected drug activity talking with various individuals and sitting in close proximity to the juvenile while he filled the baggies. Just before 6:00 P.M., Monte observed defendant enter the front driver's side, Robinson the front passenger side, and King the back seat of the Galant. A fourth individual, Jevon Underdue, also entered the back seat. By then, the decision had been made to arrest King for the alleged sale. When the car started, Monte radioed a description of it, including the license plate number, to members of the backup team. He further indicated that they should stop the vehicle, arrest King, and investigate the presence of marihuana in a shoe box located in the trunk. Monte also gave a description of the clothing worn by King.

Albany Police Officers Michael Kelly and William Warner, one of the backup teams, heard the transmission, followed the car in their marked unit and activated their emergency lights just as the Galant pulled to the curb. They and two detectives, who had also been following the Galant, approached the vehicle on each side. As they drew near the front of the passenger compartment, Kelly and Warner observed a clear plastic bag containing what appeared to be marihuana located on the center console by the gear shift. Defendant was placed under arrest. When he was searched, two more baggies containing suspected marihuana were found in his rear pockets. King was also arrested. All four occupants were handcuffed and seated on the curb. Warner seized the suspected marihuana from the console and, upon opening the trunk, discovered a larger quantity of marihuana in a white plastic shopping bag next to the shoe box.

Contrary to defendant's contention, we find that Kelly and Warner had probable cause under the "fellow officer" rule (*see People v Mims*, 88 NY2d 99, 113; *People v Rosario*, 78 NY2d 583, 588, *cert denied* 502 US 1109) to stop and/or approach the

Galant in order to effect King's arrest for the sale of marihuana. Additionally, their plain view observation of the plastic bag containing what they reasonably believed to be marihuana provided probable cause to enter the vehicle (*see People v Beriguette*, 84 NY2d 978, 980). Moreover, the presence of alleged marihuana in the passenger compartment and on defendant's person following his arrest gave the officers the right, under the automobile exception to the warrant requirement, to search for and seize contraband from the trunk (*see People v Blasich*, 73 NY2d 673, 678; *People v Langen*, 60 NY2d 170, 181; *People v Belton*, 55 NY2d 49, 55; *People v Fulton*, 189 AD2d 778, 780, *lv denied* 81 NY2d 1014).

Defendant also argues that County Court erred when it refused to suppress the evidence based upon the People's "blatant" *Rosario* violation in failing to preserve the tape recording of Monte's radio transmissions to the backup teams. Under the circumstances here, such a tape could constitute *Rosario* material since it may have contained statements of a prosecution witness relating to the witness's hearing testimony (*see* CPL 240.44; *People v Banch*, 80 NY2d 610, 615). However, defendant's argument presupposes that such a tape actually existed. We find the testimony insufficient to establish the existence of the tape (*see People v Hall*, 268 AD2d 682, 684, *lv denied* 94 NY2d 920).

Next, defendant argues that County Court erred at trial when it permitted the People to introduce the suspected marihuana seized from his person for which he was never charged. Evidence of an uncharged crime is admissible "if it helps to establish some element of the crime under consideration" (*People v Alvino*, 71 NY2d 233, 242). Here the suspected marihuana seized from defendant's person was relevant on the element of knowledge, i.e., whether defendant "knowingly" possessed the marihuana with which he was charged (Penal Law § 221.25). Moreover, we find that County Court did not abuse its discretion in determining that the suspected marihuana's probative value outweighed any prejudice to defendant (*see People v Alvino, supra* at 242). Accordingly, we find its introduction permissible.

Turning to the remaining issues raised by defendant, we find his argument that the verdict is against the weight of the evidence lacking in merit. Nevertheless, we find persuasive defendant's contention that his right to a fair trial was violated when Albany Police Detective William Murphy was permitted to testify, over defense objection, about the street level packaging and distribution of marihuana. Notably, defendant was not

charged with the sale of marihuana nor possession with intent to sell. He was charged with possession. The record does not establish that Murphy's testimony was essential "to fill any void in the evidence or to render otherwise incomprehensible testimony more understandable to the jurors" (*People v Alfonso*, 194 AD2d 358, 359; *see People v Lamont*, 227 AD2d 873). We cannot say that such evidence was relevant to the charge under consideration. It served no purpose other than to shift the jury's focus to the drug trade in general (*see People v Soto*, 172 AD2d 355), thereby prejudicing the jury against him. Although County Court eventually curtailed the testimony after questioning its relevancy, it did not strike it as requested nor provide any curative instructions. Accordingly, under these particular circumstances, we find its admission requires reversal of the judgment of conviction and a new trial (*see id.*).

Mercure, Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for a new trial.