■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIM BOYER, Appellant. [629 NYS2d 288] —Crew III, J. Appeal

from the judgment of the County Court of Chenango County (Dowd, J.), rendered June 4, 1993, upon a verdict convicting defendant of the crimes of rape in the third degree and unlawfully dealing with a child (two counts).

At the time of the presentation of this case to the Grand Jury, the District Attorney had not received the results of the scientific tests performed on a rape test kit at the State Police laboratory. In response to the Grand Jury's inquiry concerning the whereabouts of those results and their indication that "[w]e want to be sure" before taking a vote, the District Attorney advised the Grand Jury that the test results were not available and that the jurors should remember that their function was to determine whether there was reasonable cause to believe that defendant committed the crime and should stand trial, not whether he was guilty or innocent. Defendant claims that said response was improper and constituted prosecutorial misconduct. We disagree.

Our review of the record fails to reveal that defendant made a motion to dismiss the indictment upon the ground that the integrity of the Grand Jury proceeding was impaired by reason of the aforesaid comment and, as such, defendant has failed to preserve the issue for appellate review (*see, People v Gilliam*, 172 AD2d 1037, *lv denied* 78 NY2d 966). In any event, were we to address the merits, we would determine that defendant's contention lacks merit. The People have wide discretion in presenting a case to the Grand Jury and need not disclose all the evidence in their possession, excepting exculpatory material, even if it would assist the Grand Jury in making a more informed determination (*see, People v Lancaster*, 69 NY2d 20, 25-26, *cert denied* 480 US 922). Accordingly, even if the Grand Jury's inquiries could be construed as requesting the District Attorney to procure and submit the test results, the District Attorney's failure to do so cannot be said to have impaired the integrity of the Grand Jury process.

We likewise reject defendant's contention that certain of the prosecutor's remarks during summation constituted reversible error. Our review of the record reveals that the complained-of remarks constituted fair comment upon the evidence.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.