■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SAMUELS, Appellant. [637 NYS2d 713] —Judgment, Supreme Court, Bronx County (William Wallace, III, J.), rendered December 12, 1991, convicting defendant, after a jury trial, of attempted murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life, unanimously affirmed.

Defendant's right to confront witnesses was not violated by the prosecutor's opening statement or by the admission into evidence of a portion of the codefendant's plea allocution. In his initial statement to the jury that the evidence would show that defendant acted in concert to rob complainant, the prosecutor did not refer to any particular testimony of a witness who ultimately invoked the Fifth Amendment privilege. To the extent that the prosecutor may have implied that the already convicted codefendant would testify, the record does not support a finding of bad faith or undue prejudice (*see, People v De Tore*, 34 NY2d 199, 207, *cert denied sub nom. Wedra v New York*, 419 US 1025), as there was a reasonable basis for the prosecutor to believe that the somewhat cooperative codefendant might ultimately agree to testify. Nor did the prosecutor's remarks prejudicially bolster the People's case.

The admission of a portion of the codefendant's plea allocution was proper as the record clearly shows that the codefendant was unavailable after she invoked her Fifth Amendment

rights, that she was aware when allocuted that her statement was against her penal interest, that she had competent knowledge of the underlying facts and that there were independent indicia of her statement's reliability (*see, People v Thomas*, 68 NY2d 194, 197, *cert denied* 480 US 948).

The trial court properly denied defendant's motion to dismiss the indictment on speedy trial grounds. Contrary to defendant's contention, the record does not support a finding of bad faith on the People's part regarding their readiness pronounced on September 13, 1990 and October 11, 1990. Further, the trial court properly concluded that from November 29, 1990 to April 22, 1991, the complainant's absence from this country constituted an exceptional circumstance, the People having shown that they were diligent in attempting to secure his presence (*see, People v Pomales*, 159 AD2d 451, *lv denied* 76 NY2d 847). Concur—Murphy, P. J., Sullivan, Rubin, Ross and Tom, JJ.