■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE RICHARDS, JR., Appellant. [698 NYS2d 785] —Mercure, J. Appeals (1) from a judgment of the County Court of Saratoga County (Kramer, J.), rendered June 11, 1997, upon a verdict convicting defendant of the crime of burglary in the second degree, and (2) by permission, from an order of said court, entered February 26, 1999, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In December 1992, defendant was convicted of burglary in the second degree as the result of a June 6, 1991 incident in which he and James Derusha entered the Apicella residence in the Town of Galway, Saratoga County, and took property, including a shotgun. The primary evidence against defendant consisted of Derusha's testimony and defendant's own oral and written statements to the police, which gave a detailed account of the crime. Defendant was sentenced as a persistent felony offender to an indeterminate prison term of 20 years to life. On appeal, this Court rejected defendant's challenge (among others) to County Court's determination following a *Huntley* hearing that defendant's statements were voluntarily given, but found merit in his contention that the persistent felony offender procedure employed by County Court was improper (228 AD2d 792, 793-794, *lv denied* 88 NY2d 1024). We accordingly affirmed the judgment of conviction but vacated the sentence imposed thereon and remitted the matter to County Court for new persistent felony offender proceedings (*id.*, at 794).

Upon remittal, County Court conducted a new hearing, again adjudicated defendant to be a persistent felony offender and imposed the same prison sentence as was originally imposed. Thereafter, defendant moved pursuant to CPL 440.10 (1) (g) to vacate the judgment of conviction on the basis of newly discovered evidence. County Court denied the motion without a hearing, finding that the proffered evidence did not bear on the issue of defendant's guilt, but was cumulative and constituted mere impeachment evidence, and could in the exercise of reasonable diligence have been produced at trial. Defendant appeals.

Initially, we reject the contention that County Court erred in

denying defendant's CPL article 440 motion without a hearing.* " 'Newly-discovered evidence, in order to be sufficient, must fulfill all the following requirements: (1) It must be such as will probably change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) it must be such as could have not been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be cumulative to the former issue; and, (6) it must not be merely impeaching or contradicting the former evidence' " (*People v Salemi,* 309 NY 208, 215-216, *cert denied* 350 US 950, quoting *People v Priori,* 164 NY 459, 472; *see, People v Sides,* 242 AD2d 750, *lv denied* 91 NY2d 836).

On the motion, defendant produced affidavits of Dean Tripp, a used gun dealer, stating that at some time in the fall of 1991, Derusha came to his shop alone and sold him a Remington shotgun. Although Tripp's affidavits tend to contradict Derusha's trial testimony that he and defendant had sold the shotgun together on the date of the burglary, we agree with the conclusion reached by County Court. Even if established to be true, Tripp's averments fail to controvert the trial evidence, which included defendant's own confessions, that Derusha and defendant broke into the Apicella residence and took a shotgun, coins, beer and a bottle of vodka. As correctly contended by the People, neither the identity of the individuals present at the time of the sale of the shotgun or the date upon which it was sold is material to the ultimate issue of defendant's guilt of the burglary for which he stands convicted. We therefore conclude that the proffered evidence was, at most, merely impeaching or contradictory of the evidence adduced at trial (*see, People v Sides, supra*).

We are also unpersuaded that County Court erred in adjudicating defendant a persistent felony offender because the People failed to sustain their burden of proving beyond a reasonable doubt that defendant had been convicted of two or more felonies. Unlike the situation in *People v Van Buren* (82 NY2d 878), where the certificate of conviction produced by the People identified the previously convicted individual by nothing more than name, in this case the evidence offered by the

---

* Defendant's earlier motion to set aside the guilty verdict pursuant to CPL 330.30 (3), brought upon the very same ground as the CPL article 440 motion, was properly denied as untimely. We agree with the Fourth Department that the requirement that the motion be made "after rendition of a verdict of guilty and before sentence" (CPL 330.30) refers to the original sentence and not a resentence following an appellate court's vacatur of the original sentence (*see, People v Ferrin,* 197 AD2d 882, *lv denied* 82 NY2d 849).

People identified defendant by name, date of birth and NYSID number (*see, People v Dugan*, 188 AD2d 927, *lv denied* 81 NY2d 839). In addition, the People produced a probation officer and a former parole officer who were able to positively identify defendant as the subject of two of the prior felonies that formed the basis for County Court's determination to adjudicate defendant as a persistent felony offender.

Defendant's remaining contentions warrant little discussion. In view of the fact that defendant had been continuously incarcerated since the time of his original sentence, County Court was not required to obtain an updated presentence report (*see, People v Kuey*, 83 NY2d 278, 282-283). Finally, we perceive no valid basis for setting aside County Court's persistent felony offender adjudication or the sentence imposed. In our view, the record provides abundant support for the conclusion that extended incarceration and lifetime supervision of defendant will serve the public interest.

Cardona, P. J., Mikoll, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.