(December 23, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY FANCHER, Appellant. [701 NYS2d 154] —Yesawich Jr., J. Appeals (1) from a judgment of the Supreme Court (Lamont, J.), rendered June 27, 1997 in Ulster County, upon a verdict convicting defendant of the crimes of aggravated sexual abuse in the second degree and endangering the welfare of a child, and (2) by permission, from an order of the County Court of Ulster County (Bruhn, J.), entered November 19, 1998, and from an order of Supreme Court (Lamont, J.), entered November 25, 1998 in Ulster County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On the morning of July 1, 1996, defendant babysat his 20-month-old daughter who later that day was discovered to have been sexually assaulted. When defendant was first questioned about the infant's injuries he denied any involvement but later—after consenting to and then declining to undergo a polygraph examination—admitted that he inadvertently and

unintentionally caused the infant's injuries but did not sexually assault her. Defendant claimed that he was changing the infant's diaper when a cat jumping on the bed startled him, causing his finger to penetrate the infant's vagina. After acknowledging his *Miranda* warnings, defendant's depiction of what happened was reduced to a written statement, signed by him and a State Police investigator. At the conclusion of a hearing, and on the recommendation of a Judicial Hearing Officer, County Court (Bruhn, J.) denied defendant's motion to suppress the statement.

After the ensuing jury trial, defendant was found guilty and sentenced to an indeterminate prison term of 6 to 12 years for the aggravated abuse conviction and a concurrent jail term of one year for endangering the welfare of a child. Defendant's subsequent motion pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he was deprived of effective assistance of counsel was denied without a hearing. Defendant appeals from the judgment of conviction and, by permission, the denial of his CPL 440.10 motion.

Initially, defendant argues that his motion to vacate his conviction was improperly denied. This challenge is premised on perceived inadequacies in the representation he was provided by defense counsel. A review of the record convinces us, however, that defendant received meaningful representation (*see, People v Wiggins*, 89 NY2d 872, 873). The record discloses that defense counsel met with defendant preparatory to the suppression hearing and the trial, engaged in suitable motion practice, effectively cross-examined witnesses and made appropriate arguments and objections at both the suppression hearing and the trial. As for defendant's contention that counsel in advisedly stipulated to certain test results—which on their face were favorable to defendant's cause—this manifestly was a strategic and tactical decision and, hence, cannot support a claim for ineffective assistance of counsel (*see, People v Barber*, 231 AD2d 835).

And, given defendant's failure to move to dismiss the indictment purportedly because the integrity of the Grand Jury was compromised by certain questions posed during that proceeding, that issue is not properly before us for appellate review (*see, People v Boyer*, 216 AD2d 795, 796, *lv denied* 86 NY2d 840). In any event, this argument lacks merit for the questions asked by the Grand Jurors of which defendant complains— referring to defendant's refusal to take a polygraph test in the course of his interrogation by State Police officers—were isolated and the overall conduct of the proceeding was patently

fair, such that the extraordinary remedy of dismissal is not warranted (*see, People v Huston,* 88 NY2d 400, 409; *People v Jones,* 239 AD2d 234, 235).

Finally, defendant contends that during the trial the People, while examining two of its witnesses, referred obliquely to the polygraph test in the jury's presence and that this transgression amounts to prosecutorial misconduct requiring reversal. We disagree. Examination of the trial transcript discloses that while the words "examination" and "test" were mentioned in the jury's presence, entirely lacking is any suggestion that the test adverted to was a polygraph test. Moreover, Supreme Court blunted any prejudice by sustaining defendant's objections to these questions and providing the jury with a curative instruction. Additionally, the alleged misconduct was not so pervasive or flagrant as to have rendered the trial unfair (*see, People v Erwin,* 236 AD2d 787, *lv denied* 89 NY2d 1011; *People v Johnson,* 213 AD2d 791, 795, *lv denied* 85 NY2d 975).

Mikoll, J. P., Mercure, Peters and Graffeo, JJ., concur. Ordered that the judgment and orders are affirmed.