■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY BRADLEY, Appellant. [709 NYS2d 629] —Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Sise, J.), rendered January 13, 1998, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

Defendant's convictions stem from an execution by the Special Operations Unit of the Schenectady Police Department of a "high risk search warrant" at the second floor apartment of 801 Bridge Street in the City of Schenectady, Schenectady County. During the execution of the search warrant, Michael Hamilton, a member of the Special Operations Unit, was stationed at the rear of the building. After seeing someone looking out the side window of the second floor apartment, he observed a black male with a shaved head, clad in blue jeans and sneakers, but shirtless, jump from a second floor window. Hamilton pursued this individual to a building at 656 Crane Street, being no more than 30 yards behind the individual at any point during the chase. During the chase, the individual was observed to drop a plastic bag. At the Crane Street address, the individual ran up two flights of stairs with Hamilton in pursuit. As Hamilton radioed for assistance, defendant opened the apartment door and asked what was going on. Hamilton testified that defendant was dressed as above described, was sweating and breathing heavily, and that his sneakers were wet. After the arrival of additional police officers, Hamilton stood by the plastic bag until it was retrieved by another investigator, who later determined that the bag contained 27 individual packages of crack cocaine.

On this appeal, defendant contends that the evidence presented at trial was legally insufficient to support the guilty verdicts and that the verdicts were against the weight of the evidence. In a separate brief, defendant, *pro se*, raises an argument concerning the possible perjured testimony given by

Hamilton with respect to identification of defendant during the Grand Jury presentment. We find no merit to any of the contentions of defendant and affirm.

With respect to the insufficiency of the evidence contention, viewing the evidence adduced at trial in the light most favorable to the People (*see, People v Allah*, 71 NY2d 830, 831), we conclude that "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]). The thrust of defendant's argument in support of this contention is that the identification evidence presented by the People at trial was insufficient to establish that defendant was in fact the individual who jumped from the window at 801 Bridge Street and in the course of running to 656 Crane Street, dropped the bag containing a controlled substance. However, Hamilton identified defendant as this individual. He testified that the individual was constantly in his sight, except for a short instance at the rear of 656 Crane Street, where he could hear defendant running up the stairs, that he had known defendant for approximately six months prior to this event, and he described defendant's appearance upon opening the apartment door as previously set forth. Conversely, the evidence presented by defendant does not compel any other conclusion.

First, we note that it is the jury's function to resolve issues of credibility (*see, People v Day*, 215 AD2d 894, *lv denied* 86 NY2d 793) and deference must be accorded to the jury's determination since it has the opportunity to hear the testimony and observe the demeanor of witnesses (*see, People v Bleakley, supra*, at 495; *People v Van Steenburg*, 221 AD2d 799, *lv denied* 87 NY2d 978). A jury is free to credit selectively any portion of the evidence it deems worthy of belief and reject the rest (*see, People v Rose*, 215 AD2d 875, 876, *lv denied* 86 NY2d 793). Thus, the jury was free to reject defendant's evidence and the logical inferences to be drawn therefrom on the issue of the identity of the perpetrator.

Turning to defendant's contention that the verdicts were against the weight of the evidence, upon the exercise of our factual review power we conclude that the verdicts were not against the weight of the evidence (*see, People v Bleakley, supra*, at 495-496; *People v Jefferson*, 248 AD2d 815, 817, *lv denied* 92 NY2d 926; *People v Parker*, 220 AD2d 815, *lv denied* 87 NY2d 1023). In support of this argument, defendant once again points

to the People's evidence concerning identification. As previously discussed, given the jury's power to accept or reject any evidence based on its assessment of the credibility of the respective witnesses, the evidence is sufficient to establish that defendant is guilty of the crimes charged.

Defendant's contention that the Grand Jury presentment was infected by perjured testimony has not been preserved for our review as it was not raised before County Court (*see, People v Hollins*, 221 AD2d 863, 865; *People v Boyer*, 216 AD2d 795, 796, *lv denied* 86 NY2d 840; *see also,* CPL 470.05 [2]).

We find no merit in defendant's contention that the trial evidence did not appropriately establish the aggregate weight of the controlled substance, since the record contains a sufficient predicate upon which the jury could appropriately conclude that the weight of the crack cocaine was in excess of the required one eighth of an ounce.

Spain, J. P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.