■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL J. SCUDDS, Appellant. [712 NYS2d 180] —Graffeo, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered October 16, 1998 in Rensselaer County, upon a verdict convicting defendant of the crime of driving while intoxicated (two counts) and the violation of driving without rear lights.

According to the testimony presented by the People at trial, a police officer patrolling the streets of the City of Troy, Rensselaer County, in a police vehicle just before midnight on June 8, 1997 was almost struck by defendant's truck when the vehicle backed into an intersection from an on-street parking space without its rear lights illuminated. The officer indicated that he simultaneously sounded his horn and put his vehicle in reverse to avoid a collision. The truck then pulled forward, returning to its parking space. When the officer parked his vehicle and approached the truck, he saw that defendant was seated in the driver's seat with the engine running. He asked defendant where he was going and defendant responded that he was "headed home". After the officer obtained his license and registration information, defendant turned off the engine and exited the truck. Noticing a strong odor of alcohol, the officer inquired whether defendant had been drinking. Defendant acknowledged that he had consumed a few beers at a bar on the adjacent corner.

Defendant's father then emerged from the bar and began yelling at the officer. Defendant handed his father a set of keys and his father returned to the bar after being directed by the officer to stand back from the area. Field sobriety tests were administered, which defendant failed, and he was placed under arrest. At trial, defendant stipulated to the propriety, reliability and admissibility of a subsequent breathalyzer test which revealed that his blood alcohol content was 0.15%.

In contrast to the officer's rendition of the events, defendant essentially claimed that he left the bar to lock the truck and did not operate the vehicle at that time. Defendant offered the testimony of family members and friends who asserted that they were drinking with defendant in the bar when he an-

nounced that he was going outside to lock his truck. They contended that defendant intended to return to the bar and was planning to spend the night at a friend's house which was within walking distance. The witnesses acknowledged that they did not observe what happened after defendant departed. Hence, the crux of the defense was that since defendant left his keys on the bar, he was unable to operate his truck. Only one witness, defendant's brother-in-law, was able to identify the keys as those to the ignition of the truck.

Although conceding that he was intoxicated at the time in question, defendant contends on appeal that the verdict convicting him of two counts of driving while intoxicated was unsupported by sufficient proof and against the weight of the evidence due to the People's failure to demonstrate that he operated the motor vehicle. We disagree. The police officer's testimony that he observed the truck back into the intersection and then move forward and saw defendant sitting in the driver's seat with the engine running as he approached the vehicle was sufficient to establish operation of the vehicle under Vehicle and Traffic Law § 1192 (see, *People v Totman*, 208 AD2d 970, 971; *see generally, Matter of Dykeman v Jackson*, 262 AD2d 877). Nor was the verdict against the weight of the evidence as the officer's account was not directly rebutted by any of the defense witnesses, none of whom were outside the bar at the relevant time. The testimony to the effect that defendant could not have been operating the truck because his keys remained in the bar "presented credibility questions which the jury, not unreasonably, resolved in the People's favor" (*People v Meiner*, 248 AD2d 806, 808; *see, People v Knapp*, 272 AD2d 637, 638-639).

Mercure, J. P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.