■ THE PEOPLE OF THE STATE ·OF NEW YORK, Respondent, v SHAWN MOORE, Appellant. [715 NYS2d 546] —Rose, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 9, 1998, upon a verdict convicting defendant of the crimes of attempted assault in the first degree, reckless endangerment in the first degree and criminal possession of a weapon in the second degree.

After a confrontation with Hardy Nicholson concerning defendant's relationship with Nicholson's wife, defendant left the scene when he was punched in the face by Nicholson and Nicholson's son. Later that day, while driving a green GMC truck, Nicholson saw defendant near his Pontiac Grand Am automobile at a local gas station. According to Nicholson's testimony at trial, defendant then pulled a gun from his waistband and began shooting at Nicholson's truck. One bullet struck the truck's frame and shattered its back window. Shell casings found at the scene indicated that seven shots were fired. Nicholson drove off and defendant immediately left the gas station in his car.

Defendant was apprehended and indicted for one count of attempted murder in the second degree in violation of Penal Law § 110.00 as defined in Penal Law § 125.25 (1), one count of attempted assault in the first degree in violation of Penal Law § 110.00 as defined in Penal Law § 120.10 (1), one count of reckless endangerment in the first degree in violation of Penal Law § 120.25 and one count of criminal possession of a weapon in the second degree in violation of Penal Law § 265.03. At the jury trial, defendant testified that Nicholson's cousin, Larry Taylor, rather than defendant, was the one who had fired the shots at Nicholson's vehicle. Defendant was found not guilty of attempted murder in the second degree but convicted on all other counts, and he now appeals.

Initially, we must disagree with defendant's contention that

County Court erred in refusing to charge the lesser crime of attempted assault in the second degree because we conclude that no reasonable view of the evidence would support the determination that he intended to inflict physical injury but not serious physical injury. In his own trial testimony defendant denied ever firing a weapon at Nicholson on the day in question and attributed all of the shots fired to Nicholson's cousin. He therefore negated the element of intent necessary to support his request for the lesser charge (*see, People v Abrams*, 203 AD2d 723, 725, *lv denied* 83 NY2d 963; *People v Walker*, 168 AD2d 983, *lv denied* 77 NY2d 883).

Next, we disagree with defendant's contention that the evidence at trial was insufficient to establish beyond a reasonable doubt that he was the person who fired the shots described by witnesses or that he had the requisite intent. As to identification, we find that there was direct evidence that defendant was the person who fired the shots and that the inconsistencies, whether real or perceived, between the testimonies of the witnesses for the People and the defense devolve to questions of credibility that were properly within the jury's province to resolve against defendant (*see, People v Bradley*, 272 AD2d 635, 636). As to intent, County Court correctly concluded that seven shots fired from a semiautomatic handgun toward an occupied vehicle at a busy gas station readily lead to the inference that defendant's actions were done with intent to cause serious physical injury (*see,* Penal Law § 120.10 [1]), with recklessness and depraved indifference (*see,* Penal Law § 120.25) and with intent to use a weapon unlawfully against another (*see,* Penal Law § 265.03 [2]).

Nor can we agree with defendant's contention that the jury should have accorded more weight to testimony consistent with Nicholson's cousin firing the shots. While the testimonies of defendant and Terence Turner presented only issues of credibility to be evaluated by the jury (*see, People v Scudds*, 274 AD2d 834, 835), the testimony of eyewitness James DeAngelis, on which defendant relies heavily because of DeAngelis' apparent disinterest in the case, deserves comment. Regardless of whether the jury believed DeAngelis' testimony that a green four-by-four made a U-turn and picked up an African American man near the gas pumps, there was other objective evidence that this was not the shooter. Ronald Ames, another eyewitness, testified that the shooter was a white man standing near defendant's Pontiac Grand Am between the gas pumps and the street on which Nicholson's GMC truck was stopped. Although defendant is an African American, the testimony and

his appearance at trial showed that he is very light skinned. DeAngelis placed the African American man on the opposite side of the pumps with no weapon visible. Dean Halpin, a detective for the City of Albany Police Department who investigated the scene and recovered the seven shell casings, testified that those casings were positioned between the pumps and the street. This evidence confirmed that the shooter had been in the position described by both Halpin and Ames and where defendant admittedly was standing. Thus, there was no irresolvable inconsistency between the objective evidence and the jury's finding that defendant was the shooter. The other testimonial conflicts all presented issues of credibility which the jury resolved against defendant's account of the incident (see, People v Bradley, supra). For these reasons, the verdict was not against the weight of the evidence.

We have reviewed defendant's remaining contentions and find them to be without merit.

Mercure, J. P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.