■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY WYNTERS, Appellant. (Appeal No. 1.) [747 NYS2d 619] —Appeal from a judgment of Monroe County Court (Geraci, Jr., J.), entered July 19, 2000, convicting defendant after a jury trial of rape in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of rape in the first degree (Penal Law for-

mer § 130.35 [1]), defendant contends that reversal is required based on the prosecutor's misconduct in eliciting testimony from a police officer concerning defendant's refusal to take a polygraph test and defendant's request for counsel when asked to do so. Defendant failed to preserve his contention for our review (*see* CPL 470.05 [2]). In any event, we conclude that the prosecutor's misconduct in eliciting that testimony did not deprive defendant of his right to a fair trial. "Reversal on grounds of prosecutorial misconduct 'is mandated only when the conduct has caused such substantial prejudice to the defendant that he has been denied due process of law" (*People v Rubin,* 101 AD2d 71, 77, *lv denied* 63 NY2d 711), and that cannot be said here (*see People v Galloway,* 54 NY2d 396, 401). Although the prosecutor improperly elicited that testimony from the police officer, thereby "implying that the jury could infer defendant's guilt from his refusal to take a polygraph test" and his request for counsel (*People v Grice,* 100 AD2d 419, 421), we conclude that defense counsel's subsequent cross-examination of that witness "blunted any prejudice" to defendant (*People v Fancher,* 267 AD2d 770, 772, *lv denied* 94 NY2d 919). Specifically, defense counsel elicited testimony from the police officer that the duties of his job included eliciting incriminating information from suspects, that defendant had denied involvement in the crime, and that defendant had been cooperative with the police until he was asked to take a polygraph test. At that time, defendant asked for an attorney, and the police officer acknowledged that it was defendant's right to do so. We therefore conclude under the circumstances of this case that defendant was not deprived of his right to a fair trial by prosecutorial misconduct (*see Galloway,* 54 NY2d at 401; *cf. Grice,* 100 AD2d at 423).

The sentence is neither unduly harsh nor severe. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.