■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE F. MORRIS, Appellant. [751 NYS2d 56] —Rose, J. Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered August 21, 2000, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered October 10, 2001, which denied

defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Based on an identification by Stephen Dorn, a City of Albany police officer, defendant was arrested and indicted for his sale of crack cocaine to Clarence Delaney on April 23, 1999. Defendant was then convicted of the crime of criminal sale of a controlled substance in the third degree following a jury trial in July 2000, despite the testimony of defendant's girlfriend that he had spent the night with her and the testimony of Delaney that he was unable to recognize defendant as the seller. When defendant moved, pursuant to CPL 330.30, to have the jury verdict set aside, County Court denied the motion. After sentencing, defendant moved pursuant to CPL 440.10 to vacate his conviction on the ground of newly discovered evidence. County Court denied the motion, and defendant now appeals.

Initially, defendant speculates that he was denied *Brady* material consisting of the identities of two companions in a car with Delaney at the time of the drug sale, as well as the make, model and owner of the car, despite his counsel's acknowledgment to County Court that there was no evidence that such information was either recorded or remembered by the police. While defendant's contention is based on Delaney's testimony that he believed or thought such information was obtained by the police, the record indicates that the police focused solely on Delaney as the one person who matched the description of the buyer. In the absence of evidence of the existence of the identities of the other two individuals in the car, County Court did not abuse its discretion in finding that there was no *Brady* violation (*see People v Hall*, 268 AD2d 682, 684-685, *lvs denied* 94 NY2d 920, 95 NY2d 797; *People v Gillis*, 220 AD2d 802, 805-806, *lv denied* 87 NY2d 921; *People v Lent [Wild Bill]*, 204 AD2d 855, 856, *lvs denied* 84 NY2d 869, 873).

Nor does the record provide support for defendant's contentions that the People failed to abide by County Court's *Sandoval* ruling or that the prosecutor described him as "living in jail." To the extent that defendant's cross-examination dealt with past convictions, we find the questioning to be in accord with County Court's ruling. Also, although Dorn referred more than once to having previously arrested defendant in 1998, this testimony was admitted to explain the basis for Dorn's ability to recognize defendant in direct response to defense counsel's remarks questioning that ability in her opening statement. In addition, County Court, sua sponte, gave an appropriate instruction to limit the jury's consideration to the issue of Dorn's ability to readily recognize defendant.

As to the related issue of the sufficiency of the identification evidence presented by the People, we find that, after viewing the evidence in a light favorable to the People (*see People v Bleakley*, 69 NY2d 490, 494; *People v Long*, 294 AD2d 614, 615, *lvs denied* 98 NY2d 652), there exists a "valid line of reasoning and permissible inferences" (*People v Bleakley, supra* at 495) from which a rational jury could conclude that defendant engaged in the crime charged. Dorn testified that he observed defendant from an elevated, hidden position in a well-lit area from roughly 50 feet away with the aid of binoculars and witnessed the passing of a "white object" from defendant's mouth to Delaney in exchange for cash. Further, the substance recovered from Delaney, who admitted to purchasing drugs, was tested and found to be cocaine. As the resolution of any conflict between Dorn's identification and the statements of Delaney or others was a matter for the jury to resolve in assessing witness credibility, County Court did not err in denying defendant's CPL 330.30 motion (*see People v Zabala*, 290 AD2d 578, 579, *lv denied* 97 NY2d 735; *People v Hodge*, 290 AD2d 582, 583, *lv denied* 97 NY2d 755).

Finally, in support of his motion to vacate his conviction pursuant to CPL 440.10, defendant offered a March 2001 affidavit in which Delaney earnestly avers that defendant was not the person who sold him crack cocaine, he identifies his companions at the time of the sale as "Slim" and "Black," and he speculates that they may be additional eyewitnesses who would state that defendant was not the seller. County Court correctly concluded that this affidavit was not newly discovered evidence for there is no indication that, with due diligence, this information could not have been produced at trial (*see People v Richards*, 266 AD2d 714, 715, *lv denied* 94 NY2d 924). Nor is this information of such character that, with it, the jury probably would have rendered a verdict favorable to defendant (*see* CPL 440.10 [1] [g]). Defendant's remaining contentions have been reviewed and found to be equally without merit.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.