(June 5, 2003)

■ The People of the State of New York, Respondent, v Germaill McKnight, Also Known as Rameill Cooke, Also Known as Shorty, Appellant. [761 NYS2d 695] —Lahtinen, J. Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered April 24, 1998, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal facilitation in the second degree, and (2) by permission, from an order of said court, entered December 17, 2001, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On April 20, 1997, an ongoing dispute between John Alston and Tyrone Germany over a woman erupted into a fistfight on Orange Street in the City of Albany. While the fight was proceeding, defendant, who had been riding around in a car with Alston before the fight began, ran to a nearby apartment and grabbed a loaded handgun. As defendant returned to the scene, Alston, who had been knocked down, was getting up and demanding that Germany continue the fight. Defendant then provided the gun to Alston, who fired seven shots, five of which struck Germany causing his death. Alston was subsequently convicted of murder in the second degree and that conviction was upheld on appeal (*People v Alston,* 298 AD2d 702 [2002], *lv denied* 99 NY2d 554 [2002]).

For his role in the incident, defendant was indicted for two counts of murder in the second degree based upon intentional conduct (count one) and depraved indifference (count two) (*see* Penal Law § 125.25 [1], [2]), and he was also indicted on one count of criminal facilitation in the second degree (*see* Penal Law § 115.05). Following a jury trial, defendant was convicted of the first murder count, based upon his role as an accomplice (*see* Penal Law § 20.00), and was also convicted of criminal facilitation. He was sentenced to concurrent terms of 25 years to life and 5 to 15 years, respectively. He subsequently made a CPL 440.10 motion to vacate the judgment based primarily upon an affidavit from Alston's brother indicating that Alston had lied while testifying at defendant's trial. County Court denied the motion without a hearing. Defendant now appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.

Defendant initially argues that the evidence was not legally sufficient to sustain his conviction, and his argument in such regard focuses on the element of intent. In reviewing a challenge to the legal sufficiency of the evidence, an appellate court "must view the evidence in the light most favorable to the prosecution and determine whether any valid line of reasoning and permissible inferences could lead any rational person to the conclusion reached by the trier of fact" (*People v Denis,* 276 AD2d 237, 240 [2000], *lv denied* 96 NY2d 782 [2001]; *see People v Bleakley,* 69 NY2d 490, 495-496 [1987]). Here, defendant was riding in a car with Alston when they came upon Germany. While Alston engaged in a fistfight with Germany, defendant ran to obtain a gun. Alston was not faring well in the fistfight and defendant supplied Alston with the loaded gun, which was immediately used to kill Germany. After Alston used the gun, defendant retrieved it and attempted to secrete it. The cases relied upon by defendant are inapposite since this is not a situation of merely being present when a sudden and unaided escalation of criminal conduct occurs (*see People v La Belle,* 18 NY2d 405 [1966]; *People v Monaco,* 14 NY2d 43 [1964]). Instead, defendant played the active and instrumental role of supplying a deadly weapon in the midst of a fight and that weapon was immediately used to elevate a brawl to a murder (*cf. People v Jones,* 191 AD2d 279 [1993]). This evidence was sufficient to establish defendant's criminal intent and to otherwise sustain the verdict. Moreover, after weighing the relative probative force of conflicting inferences that may fairly be drawn from the evidence, we are not convinced that the verdict was against the weight of the evidence (*see People v Bleakley, supra*).

Defendant's arguments regarding alleged errors in the prosecution's summation and County Court's charge to the jury do not require extended discussion. The prosecutor's improper remarks, viewed in context, did not shift the burden of proof to defendant or otherwise rise to the level of prejudice necessitating reversal. As to the charge to the jury, the court was not required to give the "moral certainty" charge since there was both direct and circumstantial evidence of defendant's culpability (*see People v Barnes,* 50 NY2d 375, 379-380 [1980]). Nor was defendant denied a fair trial by County Court's refusal to draw the jury's attention to one witness's inconsistent statement, which defendant was permitted to pursue on cross-examination and comment upon in summation (*see People v Saunders,* 64 NY2d 665 [1984]).

Next, we turn to defendant's contention that County Court erred in denying his CPL 440.10 motion without a hearing. In support of his application, defendant submitted an affidavit from Chester Jones, who states he is Alston's brother. Jones relates that Alston told him that "Shorty" gave him the gun, but that Shorty was a name Alston made up when talking to police following the incident. Alston further purportedly told Jones that, as part of a deal with the District Attorney's office, he identified defendant as the person who gave him the gun. Initially, we note that Alston was questioned at trial regarding the deal he struck with the prosecution. More importantly, there was evidence from witnesses other than Alston establishing both that defendant was known as Shorty and that defendant supplied the gun to Alston. We agree with County Court that the Jones affidavit, which could be characterized as containing some impeachment material, was insufficient to create any reasonable probability of a verdict favorable to defendant if a new trial was granted (*see People v Morris,* 299 AD2d 655, 657 [2002], *lv denied* 99 NY2d 583 [2003]; *People v Graham,* 283 AD2d 885, 889 [2001], *lv denied* 96 NY2d 940 [2001]; *People v Richards,* 266 AD2d 714, 715 [1999], *lv denied* 94 NY2d 924 [2000]).

Finally, we find no merit in defendant's argument that the sentence was harsh and excessive nor do we believe there are extraordinary circumstances warranting modification of the sentence in the interest of justice. The fact that defendant received the same sentence as Alston does not provide a basis for modifying the sentence under the particular circumstances (*cf. People v Abbott,* 275 AD2d 481, 484 [2000], *lv denied* 96 NY2d 731 [2001]).

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the judgment and order are affirmed.