■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP P. BATTEASE, Appellant. [771 NYS2d 224]—

Mugglin, J. Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered September 4, 2002, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the fifth degree.

Defendant was indicted for his involvement in a transfer of four Vicodin pills to a fellow inmate in the Warren County Correctional Facility. After conviction, he was sentenced to a prison term of 2 to 6 years and now appeals.

Defendant first argues that the evidence was legally insufficient to support the jury's determination that he was the person who transferred the narcotics to another inmate. We disagree. The People called two witnesses to establish the transfer, a correction officer and the recipient inmate. Defendant attacks the credibility of both, claiming that the officer gave inconsistent versions of what he observed and the inmate had a motive to lie because the charges against him were reduced and he received only a 30-day sentence in exchange for his testimony. Our review of the testimony, in the light most favorable to the prosecution (see People v Allah, 71 NY2d 830, 831 [1988]; People v Elhadi, 304 AD2d 982, 982 [2003], lv denied 100 NY2d 580 [2003]; People v Bradley, 272 AD2d 635, 636 [2000]), leads to the conclusion that the alleged inconsistencies in the officer's testimony can be reconciled with the facts as found by the jury and that no alleged inconsistency affects his core testimony that he observed someone's hand reach through the cell block bars and place a small white paper package in either the recipient inmate's hand or pocket and that he promptly confiscated the package. The recipient inmate identified defendant as the person who handed him the package. We give deference to the jurors' credibility determinations as they observe the demeanor of the witnesses (see People v Bradley, supra at 636) and we note that the jury is free to selectively credit any portion of the evidence it deems worthy of belief while rejecting the rest (see People v Lee, 303 AD2d 839, 840 [2003], lv denied 100 NY2d 622 [2003]; People v Bradley, supra at 636).

Next, defendant asserts that the People committed Brady and Rosario violations which require reversal of the conviction. Defendant claims that the People intentionally withheld his controlled substance record which indicated that his prescription for Vicodin had been increased from three pills daily to four pills daily. In our view, the People's failure to disclose this material pretrial violates neither Brady nor Rosario.

A Brady violation occurs when the People fail to surrender to defendant evidence which is material and exculpatory (see Brady v Maryland, 373 US 83, 87 [1963]; People v Scott, 88 NY2d 888,

890 [1996]). To be considered exculpatory, the evidence in question must have a direct bearing on the issue of the defendant's guilt or innocence. Defendant asserts that his drug records constitute exculpatory evidence since they had a direct bearing on the presentation of his defense that he was not the source of the drugs in question. This argument lacks merit. Even assuming that the records would show that a pill was missing or that correction officers were lax in monitoring the dispensing of Vicodin, such evidence is not exculpatory as it has no direct bearing on the issue of defendant's guilt or innocence since it does not disprove any element of the crime charged nor does it identify the individual engaged in the alleged transaction. Thus, the evidence does not fall within the *Brady* rule.

The *Rosario* rule, codified in CPL 240.45, "obligates the prosecution to disclose any recorded statement in its possession or control made by a person the prosecutor intends to call to the stand, which relates to the subject matter of the witness' testimony" (*People v Santorelli*, 95 NY2d 412, 422 [2000]). The correction officer who testified regarding defendant's controlled substance records neither created the document nor made the handwritten notations therein. Thus, the record does not constitute a written or recorded statement made by the witness and falls outside of the application of the *Rosario* rule. We have examined defendant's remaining arguments and find them to be without merit.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.