THIRD DEPARTMENT, AUGUST, 2006

(August 3, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERGIL MCBEAN, Appellant. [819 NYS2d 368]—

Peters, J. Appeals (1) from a judgment of the County Court of Tompkins County (Sherman, J.), rendered May 5, 2003, upon a judgment convicting defendant of three counts of the crime of criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered February 15, 2005, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Following an undercover police investigation, defendant was charged with three counts each of a criminal sale and criminal possession of a controlled substance in the third degree. These charges related to three drug transactions on December 4, 2001, December 18, 2001 and January 11, 2002 involving defendant, Joan Chandler and David Fendick, an undercover State Police investigator. Defendant's first and second trials resulted in mistrials. At the third trial, defendant was found guilty of the counts charging him with the sale of a controlled substance. He was thereafter sentenced to three concurrent prison terms of 2 to 6 years. County Court denied defendant's CPL article 440 motion to vacate the judgment of conviction and these appeals ensued.

Defendant contends that there are *Brady* and *Rosario* viola-

tions stemming from the People's failure to disclose a police report completed by police officer Donald Barker concerning the arrest of defendant's cousin, Sherwin McBean, on January 2, 2002 when McBean was observed driving the same vehicle that defendant was observed driving during each of the drug transactions at issue. Pointing to a paragraph in that report describing a vehicle stop of defendant on December 12, 2001, defendant contends that with the report contradicting Barker's trial testimony regarding that stop, it became relevant regarding Barker's ability to identify defendant during one of the charged drug transactions. We disagree. Review of the report and Barker's testimony reveals no meaningful inconsistencies and, instead, confirms Barker's ability to distinguish between defendant and McBean. While we acknowledge that pursuant to the *Rosario* rule, the People are required to disclose any recorded statement in its control which relates to the subject matter of a witness's testimony (*see* CPL 240.45 [1] [a]; *People v Battease*, 3 AD3d 601, 603 [2004]), any error here in failing to provide that report was harmless (*see People v Nelson*, 1 AD3d 796, 797 [2003], *lv denied* 1 NY3d 631 [2004]; *People v Felix-Torres*, 286 AD2d 784, 784 [2001], *lv denied* 97 NY2d 681 [2001]).

Nor do we find that the failure to disclose that report constituted a *Brady* violation. "A *Brady* violation occurs when the People fail to surrender to defendant evidence which is material and exculpatory" (*People v Battease, supra* at 602). The report reflected an oral admission by McBean that he sometimes sold drugs, a statement that defendant contends would have supported his defense that the police misidentified him as the seller in these drug transactions. As we noted above, Barker's testimony instead established his ability to distinguish between defendant and McBean. Accordingly, we find that the People's failure to disclose the report does not require reversal since the contents are not exculpatory or material (*see People v Shcherenkov*, 21 AD3d 651, 652 [2005]; *People v Battease, supra* at 602). In any event, the result would not have differed had it been disclosed (*see People v Bond*, 95 NY2d 840, 843 [2000]; *People v Mellerson*, 15 AD3d 964, 965 [2005], *lv denied* 5 NY3d 791 [2005]).

We next address defendant's contention that, pursuant to *Crawford v Washington* (541 US 36 [2004]), his Sixth Amendment right to confrontation was violated when County Court permitted Fendick to testify about statements made by Chandler

during the course of the drug transactions.[1] In *Crawford*, the United States Supreme Court held that out-of-court statements could not be admitted against a defendant if "(1) the statement is 'testimonial' in nature; (2) it was made by a declarant who is unavailable to testify at trial; (3) the defendant has had no prior opportunity to cross-examine said declarant; and (4) the statement is offered for the truth of the matter asserted therein" (*People v Ryan*, 17 AD3d 1, 3 [2005], citing *Crawford v Washington, supra*). Here, Chandler was not aware of Fendick's status as an undercover agent when she made the statements to him. As such, her statements lacked the formality of testimony and were not made in anticipation of prosecution. Accordingly, her statements were not "testimonial" in nature and were not subject to exclusion under the *Crawford* framework (*see United States v Saget*, 377 F3d 223, 228-229 [2004], *cert denied* 543 US 1079 [2005]; *People v Coleman*, 16 AD3d 254, 254-255 [2005], *lv denied* 5 NY3d 805 [2005]; *accord Davis v Washington*, 547 US —, 126 S Ct 2266 [2006]).[2]

Finally, we find no error in County Court's denial of defendant's motion to vacate the judgment of conviction based upon newly discovered evidence. Each new item proffered merely impeached former evidence or was cumulative of prior testimony. Defendant failed to establish that such evidence could not have been discovered prior to trial with due diligence (*see People v Whitmore*, 12 AD3d 845, 848 [2004], *lv denied* 4 NY3d 769 [2005]; *People v Morris*, 299 AD2d 655, 657 [2002], *lv denied* 99 NY2d 583 [2003]; *People v Richards*, 266 AD2d 714, 715 [1999], *lv denied* 94 NY2d 924 [2000]), and we fail to see how such evidence could have changed the outcome of the trial (*see People v Bowers*, 4 AD3d 558, 560 [2004], *lv denied* 2 NY3d 796 [2004];

1. Counsel's objection to the admission of Chandler's statements was made on hearsay grounds rather than a Sixth Amendment violation. Inasmuch as *Crawford* had not been decided as of the time of trial, we find this objection to adequately preserve the *Crawford* argument (*see People v Milazo*, 18 AD3d 1068, 1070 n [2005]; *People v Ryan*, 17 AD3d 1, 3 n 1 [2005]; *cf. People v Marino*, 21 AD3d 430, 431 [2005], *lv denied* 5 NY3d 883 [2005], *cert denied* — US —, 126 S Ct 2930 [2006]; *People v Bones*, 17 AD3d 689, 690 [2005], *lv denied* 5 NY3d 826 [2005]).

2. Chandler did not testify because she invoked her Fifth Amendment right against self-incrimination. Although Chandler had previously pleaded guilty to her role in the drug transactions at issue, she informed County Court that she would refuse to testify since she feared federal prosecution. Based upon this assertion, County Court determined, without objection, that Chandler was an unavailable witness. For this reason, defendant's request for a missing witness charge was properly denied (*see People v Savinon*, 100 NY2d 192, 198-199 [2003]; *see also People v Samuels*, 224 AD2d 261, 261-262 [1996], *lv denied* 88 NY2d 969 [1996]).

*People v Morris, supra* at 657; *People v Stamps,* 268 AD2d 886, 887 [2000], *lv denied* 94 NY2d 925 [2000]; *People v Richards, supra* at 715).

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment and order are affirmed.